(No. 27048.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARIEL SIMS, Plaintiff in Error.

*Opinion filed March 18, 1943.*

R. E. Smith, for plaintiff in error.

George F. Barrett, Attorney General, and Claude M. Swanson, State's Attorney, for the People.

Mr. Chief Justice Stone delivered the opinion of the court:

Plaintiff in error was found, in the circuit court of Ford county, by the verdict of a jury, to be a criminal sexual psychopathic person, and was committed to the Department of Public Welfare with directions to confine him in the Psychopathic Division of the Illinois State Penitentiary at Menard until he shall have fully and permanently recovered. He seeks review of those proceedings and brings the cause by writ of error directly to this court, claiming that the act under which he was committed is unconstitutional.

The proceedings are founded upon an act entitled: "An Act to provide for the commitment and detention of criminal sexual psychopathic persons. Approved July 6, 1938." (Ill. Rev. Stat. 1941, chap. 38, pars. 820 to 825, incl.) Section 1 of the act is a definition of criminal sexual psychopathic persons. It provides as follows: "All persons suffering from a mental disorder, and not insane or feeble-minded, which mental disorder has existed for a period of not less than one (1) year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, are

hereby declared to be criminal sexual psychopathic persons." It is provided by section 3 that when any person is charged with a criminal offense and it shall appear to the Attorney General or State's Attorney of the county in which the person is so charged, that such person is a criminal sexual psychopathic person, the Attorney General or State's Attorney "may file with the clerk of the court in the same proceeding wherein such person stands charged with criminal offense, a petition in writing setting forth facts tending to show that the person named is a criminal sexual psychopathic person." By section 4 it is provided that the court may appoint two psychiatrists to examine the accused and file their report as to his condition together with recommendations. By section 5 it is provided that before the trial on the criminal offense charged, a hearing on the petition filed shall be had before a jury, to ascertain whether the person charged is a criminal sexual psychopathic person. This hearing is provided after notice and service of a copy of the petition on the person so charged. It is also provided in section 5: "Upon such hearing it shall be competent to introduce evidence of the commission by the said person of any number of crimes together with whatever punishments, if any, were inflicted." Section 6 of the act provides that after commitment an application in writing may be filed setting forth that the criminal sexual psychopathic person has recovered. This petition shall be filed in the committing court and a jury shall be impaneled to ascertain whether such person has recovered, and upon the verdict of the jury that such person has fully recovered, the court shall order such person discharged from the custody of the Department of Public Safety and committed to the custody of the sheriff to stand trial for the criminal offense charged against him.

Plaintiff in error brings here only the common-law record in which he has included the petition of the State's Attorney, in which it is stated that plaintiff in error was

charged in the circuit court of Ford county, by indictment, with taking indecent liberties with a minor female child of the age of eight years, and recites that other complaints of like character had been filed against him, and requests that an inquiry be had, that two qualified psychiatrists make an examination of him and report, and that a hearing on the petition be had as early as possible after ten days from the filing thereof. The record filed here by plaintiff in error also includes the report of the psychiatrists and the order of the court committing plaintiff in error to the Department of Public Welfare. The order recites that a jury was impaneled and that the psychiatrists filed their report.

The grounds upon which it is alleged that the act violates constitutional provisions, are that it unjustly discriminates between criminal sexual psychopathic persons who are charged with crime and those who are not, and it is argued that under this act no petition may be filed or hearing had thereon unless and until the accused is charged with crime, and that such affords no basis for reasonable classification, as required by our State and Federal constitutions.

Section 1 is a definition of criminal sexual psychopathic persons. There can be no basis for a claimed discrimination as to this section of the act because it applies to every person coming within such definition of a criminal sexual psychopathic person who has a mental disorder, from which he has been suffering for a period of one year immediately prior to the filing of the petition. It is within the power of the General Assembly to define criminal sexual psychopathic persons and there can be no objection to the section which does so. Nor is there any basis for the claim that the provision of section 3, requiring that the petition of the Attorney General or State's Attorney be filed after the accused is charged with a criminal offense, results in an unconstitutional discrimination. A "criminal sexual psychopathic person," as the term indicates, is one who has "criminal propensities to the commission of sex offenses."

The plaintiff in error in this case was charged with taking indecent liberties with a child. Whether such petition might be filed against him in case he had been charged with other than sex crimes, is not a matter before us on this hearing. Section 3, like section 1, applies to all persons coming within the classification, and even though it be operative only where the accused is charged with a crime, and not applicable to criminal sexual psychopathic persons not charged with a crime, that construction does not render it subject to the objection that such classification is discriminatory, and this is true, whether other persons having the same mental ailment may be proceeded against or may not. Such a case is not before us. Where there is a reasonable basis for the classification, an act making such classification is not open to the contention that it violates constitutional provisions. (*People* v. *Linde,* 341 Ill. 269; *Bagdonas* v. *Liberty Land and Investment Co.* 309 id. 103.) This is a statute evidently enacted for the purpose of preventing persons suffering from a mental disorder, though not insane or feebleminded, being punished for crimes they commit during the period of such mental ailment, and is therefore in its operation not unlike the statutes providing for an inquiry into the sanity of one charged with crime before trial on the indictment.

Counsel also argue that the commitment in this case is void because the record does not disclose any basis for holding, and the court does not find in its order, that the plaintiff in error had been suffering from a mental disorder for a period of more than one year prior to the filing of the petition by the State's Attorney, and that such petition does not so charge. The record does not disclose any motion to quash the petition, nor is it necessary that that petition charge such condition to have existed for a year, though proof of such period of mental disorder is essential to support a verdict of a jury finding the accused to be a criminal sexual psychopathic person. Plaintiff in error

has not brought the transcript of evidence here and we are, of course, unable to say whether such proof appeared in the record. It is a rule, however, long established in this State, that proceedings of a court of general jurisdiction will be presumed to be regular unless the contrary is shown. Judgments will be presumed to have been supported by necessary evidence unless it is made to appear affirmatively that such was not the case. This can not be done without producing, before the reviewing court, the evidence heard on the trial. *Teal* v. *Teal,* 324 Ill. 207; *People ex rel. Weber* v. *Ritscher,* 301 id. 40; *People ex rel. Hughes* v. *Stone,* 142 id. 281.

Counsel for plaintiff in error also argue that the act is invalid because it permits the showing of other crimes which the accused had theretofore committed and the punishments meted out therefor. This statute is to be construed as applying only to such crimes as tend to show a criminal sexual psychopathic condition in the accused. This is clearly the intent of the General Assembly. The purpose of such evidence is to show such mental condition. It is to be noted also that this is not a criminal proceeding in which the accused is entitled, under the rules as announced by this court, to a trial free from evidence of criminal proceedings theretofore had against him. We perceive no invalidity in the statute because of this complaint against it.

It is also argued that the order of the court reciting that the report of the psychiatrists was filed, violates the right of the accused to face witnesses who testify against him, and particularly is this true where the statute does not require that the report be sworn to. Again we must remind counsel that they have not seen fit to bring the transcript of evidence here. This court has no way of knowing whether error was committed in that regard. The petition filed by the State's Attorney set forth two other criminal sexual acts covering a period of more than a year, and on hearing on that petition before a jury, the jury found the plaintiff in

478

error to be a criminal sexual psychopathic person. If counsel would have his objections to proceedings reviewed by this court, it is incumbent upon him to present the record of them. *Teal* v. *Teal, supra.*

There being no error in this record, the order of commitment of the circuit court of Ford county is affirmed.

*Order affirmed.*