In the Matter of the Application of JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Petitioners, against THOMAS DOWNS, County Judge of Queens County, et al., Respondents.

Supreme Court, Special Term, Kings County, February 6, 1945.

*Ignatius M. Wilkinson*, Corporation Counsel (*W. Bernard Richland* of counsel), for petitioners.

*John E. Cameron* for George A. L. Erwin and others, respondents.

HOOLEY, J. Application for an order, under article 78 of the Civil Practice Act, enjoining and prohibiting the respondents Hon. THOMAS DOWNS, County Judge of Queens County, and the County Court of Queens County from taking any further proceedings with respect to any matter referred to in an order of the County Court dated January 8, 1945, which directed the petitioners herein, Hon. Joseph D. McGoldrick and Hon. Almerindo Portfolio, the Comptroller and Treasurer, respectively, of the City of New York, to show cause why they should

not be punished as and for a criminal contempt for failing to obey the order of the County Court dated November 22, 1943, in a matter entitled: '' In the Matter of the Application of Charles P. Sullivan, the District Attorney of Queens County for the transfer of Gilbert P. Hamilton, an inmate of Creedmoor State Hospital, to Matteawan State Hospital, pursuant to the provisions of Section 85 of the Mental Hygiene Law.''

The contempt proceedings arise out of the following facts.

The District Attorney of Queens County made the aforesaid application to the County Court of Queens County after the inmate Hamilton had attacked and beaten another inmate of Creedmoor State Hospital to such an extent that the victim afterward died of his injuries. An order was made by that court appointing a physician, a lawyer and a layman as a commission to inquire into the alleged dangerous insanity of said inmate Hamilton and to determine whether said inmate should be transferred to Matteawan State Hospital. Thereafter the commissioners conducted said investigation and made their report and on November 22, 1943, the County Court aforesaid made an order committing the said Hamilton to Matteawan State Hospital and fixing the fees of each of the commissioners at $250 and the costs and expenses of the stenographer to record the proceedings at $97.50. A certified copy of the last-mentioned order was served upon the Comptroller and the City Treasurer and they have refused to pay the fees of the commissioners or the expenses of the stenographer. Upon the application of one of the commissioners the afore-mentioned contempt proceedings were instituted in the County Court.

The contention of the Comptroller and Treasurer of the City of New York is that the order of the County Court directing payment of the fees and expenses aforesaid is null and void in that it was made in a civil proceeding over which the County Court of Queens County had no jurisdiction. The commissioners and stenographer, who have been joined in this proceeding, oppose this application. The County Judge of Queens County is taking no part in the matter. The decision in this case turns upon the single question whether the County Court of Queens County has jurisdiction over a proceeding brought under section 85 of the Mental Hygiene Law.

Section 11 of article VI of the Constitution of the State of New York provides in part as follows: '' * * * all the jurisdiction in civil actions or proceedings now vested in the county courts of the counties of Kings, Bronx, Queens and Richmond shall be withdrawn from such county courts and vested in the

city court of the city of New York as constituted in and by section fifteen of this article, and said county courts shall thereafter be vested with jurisdiction only in criminal prosecutions or proceedings as now or hereafter provided by law."

The parts of section 85 of the Mental Hygiene Law material to the questions involved read as follows:

" 1. The director of any state hospital, upon order of the commissioner, upon ascertaining that any person, duly certified to and a patient of such hospital as a mentally ill person, has committed or is liable to commit an act or acts which if committed by a sane person would constitute homicide or felonious assault, or is dangerously mentally ill so that his presence in such a hospital is dangerous to the safety of other patients therein or officers or employees thereof, shall certify such fact or facts to the district attorney of the county wherein such hospital is located.

" 2. The district attorney to whom such certification by the director of a state hospital shall have been made, shall forthwith make application to a court of record or judge thereof within such county or a justice of the supreme court in the judicial district wherein such county is located for the appointment of a commission to determine the dangerous mental illness of such person, and the court may appoint a commission of not more than three disinterested persons to examine such person and report to the court as to his dangerous mental illness."

It is the contention of respondents that the provisions of section 85 aforesaid do not indicate that the proceedings to be taken thereunder shall be confined to a court of civil jurisdiction or that the County Court of Queens County is deprived of jurisdiction. They assert that the facts necessary to support an application under section 85 aforesaid create an atmosphere of a criminal nature rather than that of a civil nature and that the powers to be exercised thereunder are necessarily incidental to a court of criminal jurisdiction. There is considerable force in this argument inasmuch as the basis for this proceeding arises out of acts which in a sane man would be criminal and the fact that the authority to institute the proceedings for the appointment of a commission to investigate is vested in the district attorney, lends further weight to the argument. However, the Constitution limits the jurisdiction of the County Court of Queens County to " criminal prosecutions or proceedings." A criminal prosecution is a proceeding which is prosecuted by the State against a person charged with a public

offense to obtain punishment therefor. Strictly speaking a criminal proceeding means some step taken before a court against some person or persons charged with some violation of the criminal law. Since it may not be argued that the proceeding instituted by the District Attorney was a criminal prosecution, the issue narrows itself to the question whether it was a criminal proceeding.

The question involved has apparently not heretofore been passed upon by the courts of the State of New York. In this proceeding instituted by the District Attorney no one was charged with any crime. Although Hamilton inflicted injuries which caused the death of a fellow inmate, he had previously been adjudicated insane and confined to a hospital for the insane. Section 1120 of the Penal Law provides that an act done by a person who is an idiot, imbecile, lunatic or insane is not a crime. Subdivision 5 of section 85 of the Mental Hygiene Law provides as follows: "Certification to Matteawan state hospital pursuant to this section shall not be deemed as or received in any court in evidence of commission of a crime by the person so certified, nor shall such certification be deemed or considered a certification as punishment for a crime."

Similar questions seem to have been passed upon in several other jurisdictions with a unanimity which must have great weight with this court. In *People* v. *Lawson* (178 Cal. 722) the defendant had been convicted of murder in the first degree. Upon being arraigned for judgment it was suggested that he was then insane. The trial court ordered the question of his sanity tried and a jury trial was had. The Supreme Court of California said in reference to such proceedings (p. 728): "The proceedings provided by the Penal Code for the determination of the question of present sanity in order to determine whether a defendant possesses sufficient mental capacity to be tried, or having been tried and convicted, to be adjudged to punishment (sec. 1367 et seq.), or having been adjudged to suffer death, is sane within the meaning of our law precluding execution of such a judgment upon an insane person (Pen. Code, sec. 1221 et seq.) are special proceedings of a civil nature. They simply provide a lawful method by which it may be ascertained whether the defendant in a criminal cause is so afflicted mentally that the proceedings against him shall be suspended until he is in condition to be tried, or adjudged to punishment or executed. The sole object is to determine his present mental status. Is he now an insane person? Such an investigation has none of the elements of a criminal proceeding." To the same effect are *The*

*People* v. *Sims* (382 Ill. 472) and *Short* v. *State of Arizona* (53 Ariz. 185.)

The court concludes that the proceeding in question was neither a criminal prosecution nor a criminal proceeding. The County Court of Queens County therefore had no jurisdiction of the proceeding and therefore was without jurisdiction to punish the city officials for contempt of court for their refusal to obey the directions of its order for the payment of compensation. The motion is granted and the respondents are prohibited and enjoined from proceeding further with respect to any matter referred to in the order of the County Court of Queens County dated January 8, 1945. Settle order on notice.