(No. 31669.—

E. J. BIGGS, Appellant, *vs.* ANTON PLEBANEK *et al.*, Appellees.

*Opinion filed November 27, 1950—Rehearing denied Jan. 15, 1951.*

EUSEBIUS J. BIGGS, of Chicago, *pro se*, appellant.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

E. J. Biggs, individually and as the assignee of E. J. Biggs Construction Co., a corporation, filed complaint against the appellees in the superior court of Cook County April 11, 1949, praying for a mechanics' lien upon certain described premises, for an accounting and for the appointment of a receiver.

Eusebius J. Biggs, who is not an attorney, appeared as counsel for the complainants. A number of motions were filed, amendments were made and the record soon became complicated. November 1, 1949, the court entered the following order: "On motion of the plaintiff for summary judgment, for a rule, for change of title of this cause, and to approve a report of proceedings, and notice having been given to defendants, and the court having

heard the arguments, it is ordered that the motion for summary judgment be overruled, and it is further ordered that the other motions be disregarded as meaningless."

After a motion to strike the amended complaint had been argued, an order was entered February 24, 1950, in part as follows: "It is ordered that the Amended Complaint, be stricken, and the plaintiff having stated to the court, that he desires to rely on his Amended Complaint, it is further ordered that the plaintiff's action be dismissed," etc.

None of the motions raised any question which would confer jurisdiction on this court.

Appellant enumerated the following grounds which he relies upon for reversal of the court's orders. He says the court erred in refusing to conduct the various hearings in accordance with the rules of the court, and normal court procedure; in allowing Harry Rudnick, counsel for the defendants, to flout the rules of the Superior Court of Cook County, and the Civil Practice Act of Illinois; in consolidating two cases without a motion; in refusing to follow the Civil Practice Act of Illinois; in making new law; in not permitting the plaintiff to argue his motions; in refusing to entertain the motion for the change of venue, until he had dismissed part of plaintiffs; in waiving the rules of the superior court of Cook County; in insulting and abusing the plaintiff; in misinterpreting the authority contained in the Attorney and Counselor's Act, chapter 13, Illinois Revised Statutes of 1949; in assuming that a *nisi prius* judge has Appellate Court powers; in permitting counsel for the defendants to insult and abuse the plaintiff, and using extraneous matters brought in by that counsel, as a basis for the court's decision; and in assuming that the court can overrule the revised Illinois Statutes of 1949, chapter 121½, sections 220-221.

None of the points urged raises any question which would give us appellate jurisdiction. A mechanics' lien

foreclosure does not involve a freehold and consequently this court is without jurisdiction on that ground. *National Bank of the Republic* v. *Adams Building Corp.* 359 Ill. 27; *Kagy* v. *Luke,* 357 Ill. 512.

Appellant argues that his rights under the fourteenth amendment of the constitution of the United States were violated in that the court failed to follow its rules and the Civil Practice Act, erred by striking the original and amended complaints and by stating that certain of appellant's motions were meaningless. A violation of the same constitution is said to have occurred when the court held that the plaintiff should hire an attorney to sue on the assignment. The court required the assignee of the construction company to employ counsel, and, upon refusal so to do, the cause was dismissed as to the assignee, but ordered to continue in the name of Biggs as an individual.

No construction is asked of the constitution, but it is merely claimed that constitutional rights were not afforded appellant in the superior court. That is not sufficient to confer jurisdiction upon this court. If the superior court committed error, it can be corrected in the Appellate Court. An error of a trial court in applying principles of constitutional law does not involve a constitutional question authorizing a direct appeal to this court. (*Foertsch* v. *Fox,* 402 Ill. 447, and cases therein cited.) Neither does the contention that the enforcement of a judgment will deprive a person against whom the enforcement is sought of some constitutional right present such a constitutional question as will give the Supreme Court jurisdiction of a direct appeal. *Maupin* v. *Maupin,* 403 Ill. 316; *Drury* v. *Hurley,* 402 Ill. 243.

There being no question which confers jurisdiction upon this court, the cause must be transferred. It is, accordingly, transferred to the Appellate Court for the First District.

*Cause transferred.*