(No. 35462.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOSEPH NASTASIO, alias Anthony Noletti, Appellant.

*Opinion filed May 18, 1960.—Rehearing denied September 12, 1960.*

ROBERT WEINER, of Springfield, for appellant.

GRENVILLE BEARDSLEY, Attorney General, and J. WALDO ACKERMAN, JR., State's Attorney, both of Springfield, (FRED G. LEACH, Assistant Attorney General, and JOHN E. HOWARTH, and J. CALVIN BOSTIAN, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

After hearing many witnesses, the Sangamon County grand jury refused to indict the defendant, Joseph Nastasio, for murder. It did, however, return indictments charging him with various sex offenses. Instead of prosecuting the criminal charges, the State's Attorney filed a petition in the circuit court of Sangamon County under the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1959, chap. 38, par. 820.1-825e), alleging the defendant to be a sexually

dangerous person within the meaning of the act, and praying for a hearing to determine that issue. A jury found the defendant to be a sexually dangerous person and the court entered judgment committing him to the custody of the Director of Public Safety for confinement and treatment. The defendant appeals directly to this court.

Jurisdiction of appeals in these cases is governed by the Civil Practice Act. (Ill. Rev. Stat. 1959, chap. 38, par. 822.01; chap. 110, par. 75.) It is defendant's position that this court, rather than the Appellate Court, has jurisdiction because the admission in evidence of two depositions taken in the defendant's absence violated section 9 of article II of the Illinois constitution. That section provides: "In all criminal prosecutions the accused shall have the right to appear and defend in person and  *  *  *  to meet the witnesses face to face." Ill. const., art. II, sec. 9.

The People's challenge of our jurisdiction rests first upon the assertion that it does not appear that the constitutional objection was raised and passed upon in the trial court. The defendant first presented his objection in opposition to the People's motion to take depositions. The objection was overruled. The defendant preserved the question in his motions to suppress the depositions, and for judgment *n.o.v.* and for a new trial. Although the abstract does not contain the trial court's rulings on these motions, the court could not have denied them without ruling adversely on the defendant's constitutional claim. We find, therefore, that the constitutional challenge to the depositions was properly raised and passed upon in the court below.

The People also contend that the admission of the depositions in evidence presented only a question of practice which is not of constitutional dimension. It is true that jurisdiction on direct appeal has regularly been denied when the only asserted basis was that alleged errors in trial practice and procedure deprived the appellant of due process of law. (E.g., *Biggs* v. *Plebanek,* 407 Ill. 562; *People* v.

*Jiras,* 340 Ill. 208, 211-212.) Such errors in the application of procedural rules are rarely, if ever, sufficiently serious to deprive the appellant of a fair judicial hearing, which is the essence of procedural due process. They are therefore regarded as matters of practice reviewable in the Appellate Court. The case now before us, however, involves the alleged violation of a constitutional command which regulates specific aspects of judicial procedure. The question of constitutional construction here raised is similar to that involved when a defendant in a criminal case seeks to suppress evidence allegedly seized in an unreasonable search. We have recently reaffirmed that such cases present constitutional questions reviewable on direct appeal to this court. *People* v. *Watkins,* 19 Ill.2d 11.

We conclude that the cause is properly here on direct appeal because it involves a debatable constitutional question raised and passed upon in the trial court. That we find it unnecessary to reach the constitutional issue in our decision on the merits does not affect the existence of the constitutional question and does not defeat our jurisdiction. *City of Detroit* v. *Gould,* 12 Ill.2d 297; *People* v. *Metcoff,* 392 Ill. 418.

To sustain the use of depositions in this case, the People emphasize the civil nature of proceedings under the Sexually Dangerous Persons Act, and point out that "the authority to use depositions in a civil case is of course unquestioned." Section 3.01 of the act provides: "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Act including the provisions for appeal, and all existing and future amendments of said Act and modifications thereof and the rules now or hereafter adopted pursuant to said Act shall apply to all proceedings hereunder except as otherwise provided in this Act." Ill. Rev. Stat. 1959, chap. 38, par. 822.01.

Despite this legislative direction that proceedings under the act shall be civil and that the Civil Practice Act shall

apply, the proceedings in fact closely resemble criminal prosecutions in many critical respects. A hearing may be had only after the defendant is charged with a criminal offense, evidence of crimes may be introduced at the trial, and an adverse verdict subjects the defendant to indefinite incarceration. (Ill. Rev. Stat. 1959, chap. 38, pars. 822, 824, 825a.) This court had these similarities in mind when it held that admission in evidence of statements in the nature of confessions, without preliminary proof of their voluntary character, violates due process of law in commitment proceedings under the act as well as in trials for criminal offenses. *People* v. *Capoldi,* 10 Ill.2d 261.

Similar considerations are operative here. Many decisions suggest that difficult constitutional issues would be raised by the use of depositions in proceedings which so closely resemble criminal prosecutions. (*Tucker* v. *People,* 122 Ill. 583, 593; *Gillespie* v. *People,* 176 Ill. 238, 243-44; *People* v. *Crump,* 5 Ill.2d 251, 267-68.) The General Assembly has not specifically directed that depositions may be used in these proceedings, and it is questionable that by the broad language which it employed it intended to adopt procedures of doubtful validity under the constitution. It is our duty so to interpret the statute as to promote its essential purposes and to avoid, if possible, a construction that would raise doubts as to its validity. Both ends will be served by holding, as we do, that while the general structure of the Civil Practice Act has been adopted, the use of depositions taken out of the presence of the defendant has not been authorized.

One of the depositions in this case was taken in Kansas City, Missouri, and the other in Springfield, Illinois. The defendant's attorney appeared on both occasions and cross-examined the witnesses, but the defendant was in custody and so was unable to attend. Because the defendant's attorney was present, the People also suggest that "the use of a deposition where the defendant or his attorney appears

and cross-examines satisfies the provision that the defendant should meet his accusers face to face." But even if a defendant is represented by counsel when a deposition is taken, the defendant may be prejudiced by his own absence because his suggestions to his attorney may be indispensable to effective cross-examination.

Proof of a mental disease that has existed for at least one year prior to the filing of the petition was essential to support the jury verdict finding the defendant to be a sexually dangerous person. (Ill. Rev. Stat. 1959, chap. 38, par. 820.01; *People* v. *Sims,* 382 Ill. 472, 476.) The two depositions contained the only testimony that related to sexual offenses which occurred more than one year prior to the filing of the petition. Erroneous admission of this testimony was therefore prejudicial.

Since we hold that it was prejudicial error to admit the two depositions in evidence, we would ordinarily reverse the judgment and remand the cause for a new trial. The defendant urges, however, that the cause should be reversed without remanding because "the indictments upon which the petition * * * [was] filed are null and void and of no legal effect." This suggestion is based primarily upon the defendant's contention that 14 persons whose names did not appear on the jurors' list then in effect, were seated on the grand jury in violation of sections 1 and 2 of the Jurors Act. (Ill. Rev. Stat. 1959, chap. 78, pars. 1, 2.) He asserts also that four grand jurors, including the foreman, had served on from two to seven grand juries in the three years preceding the indictments in this case, and that he was subjected to the deliberations of a grand jury which had become a "rubber stamp" for the State's Attorney, all in violation of section 5 of the Jurors Act (Ill. Rev. Stat. 1959, chap. 78, par. 5,) and of rights guaranteed by the State and Federal constitutions.

The People assert that this contention is entirely frivolous. It is their view that the indictments are not a part

of the proceeding under the Sexually Dangerous Persons Act. That proceeding, however, is wholly dependent on a criminal prosecution. A hearing may be commenced only after the defendant is "charged with a criminal offense." (Ill. Rev. Stat. 1959, chap. 38, par. 822.) And if the defendant is convicted of the criminal offense, any orders entered in the course of the hearing under the act become null and void. (*People* v. *Redlich*, 402 Ill. 270.) The close relationship between the criminal prosecution and the statutory proceeding requires that the proceeding must fail if the indictment on which it is based is void.

The indictments in this case, however, are not void. The defendant's contentions are based largely on a misapprehension of the applicable law. Selection of the grand jury is governed by section 9 of the Jurors Act. (Ill. Rev. Stat. 1959, chap. 78, par. 9.) This section does not incorporate the provisions of sections 1, 2 and 5 which require the preparation of a list of jurors and the selection of petit jurors from that list. Grand jurors need not be selected from any list but may be selected by the county board from the county at large. *People* v. *Thurman*, 377 Ill. 453, 457.

In support of his charge that the grand jury was a rubber stamp for the State's Attorney, the defendant has shown only that four of the grand jurors served on prior panels. We do not doubt that selection of a grand jury composed of persons who have not served in recent years would be preferable. Repeated service will produce familiarity with the State's Attorney, and this may in turn produce sympathy for his aims to the disadvantage of those accused of crime. But prejudice to the accused cannot be presumed from repeated service of a fraction of the panel. Indeed in this case the grand jury refused to indict the defendant for murder after hearing over 70 witnesses.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*