(No. 40001.—

THE . PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CLARK FISH, Appellant.

*Opinion filed December 1, 1966.*

Clark Fish, *pro se.*

Mr. Justice House delivered the opinion of the court:

We have granted leave to appeal in this cause to decide whether a person who is confined in the psychiatric division of the penitentiary as a criminal sexual psychopath under section 8 of "An Act in relation to the Illinois State Penitentiary" (Ill. Rev. Stat. 1965, chap. 108, par. 112) may have a review of his commitment proceeding although he has not filed a recovery petition under the act.

Clark Fish, an inmate of the psychiatric division of the penitentiary, filed a petition in the Appellate Court, Fifth Judicial District. In the petition he states that he was sentenced to the penitentiary by the circuit court of Vermilion County on February 13, 1946, for a term of 9 years and 11 months to 10 years "on a trumped-up charge over a 14 year old boy" and that he was denied a fair trial because his attorney "was totally unfit to give a defense and he did represent the side of the prosecution 100%." The petition further alleges that on May 20, 1952, the defendant was found to be a sexually dangerous person by the circuit court of Randolph County and that since that time he has been an inmate in the psychiatric division of the Illinois State Penitentiary at Menard, Illinois. He states that no evidence was ever heard that proved he suffered a mental disorder, that the procedure set forth in the Sexually Dangerous Persons Act was not followed, that he was not informed of his rights nor admonished of the consequences of waiving his rights, that he has been confined to the psychiatric division since 1955 without receiving any treatment for a mental disorder, and that he is a sane person.

The Appellate Court granted him leave to proceed *in forma pauperis,* but denied his motion for appointment of

counsel and denied his petition for "leave to appeal" on the ground that he had not filed a recovery petition in the circuit court of Randolph County. The petition cannot be denied on this ground.

In *People* v. *Couvion*, 33 Ill.2d 408, defendant was seeking review of his commitment under the same statutory provisions here involved. The People argued that since Couvion had been consistently unsuccessful on recovery petitions filed under the act, the original commitment proceedings were moot. We held, however, that "these proceedings are somewhat analogous to those involving mental competency, and, once a person is originally adjudged sexually dangerous, the presumption obtains that the condition continues until some evidence of recovery is adduced. (See *People ex rel. McElhaney* v. *Robinson*, 413 Ill. 401, 403.) It is thus apparent that the burden of proof had shifted to defendant in the subsequent proceedings, and it may not now fairly be said that error in the original proceedings is remedied by denial of his subsequent recovery applications." (33 Ill.2d 408, 411.) Under the rationale of the *Couvion* case, defendant's petition for appeal from his commitment proceedings cannot be denied because he has not filed a recovery petition.

We do hold, nevertheless, for reasons hereinafter stated, that it was proper to dismiss the appeal.

Section 8 of "An Act in Relation to the Illinois State Penitentiary" (Ill. Rev. Stat. 1957, chap. 108, par. 112,) provided: "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Act including the provisions for appeal, and all existing and future amendments of said Act and the rules now ·or hereafter adopted pursuant to said Act shall apply to all proceedings hereunder except as otherwise provided in this Act." This provision was merely a codification of our interpretation

that proceedings adjudicating a person to be a criminal sexual psychopath (now called a sexually dangerous person) are civil in nature. (See Ill. Rev. Stat. 1965, chap. 108, par. 112 and chap. 38, par. 105—3.01.)

In 1938, the legislature passed "An Act to provide for the commitment and detention of criminal psychopathic persons," (Ill. Rev. Stat. 1939, chap. 38, pars. 820 to 825,) now "The Sexually Dangerous Persons Act", (Ill. Rev. Stat. 1965, chap. 38, par. 105—1.01 to 105—12). Under this act, a petition could be filed against a person charged with a criminal offense alleging him to be a criminal sexual psychopathic person as defined in the act. The act provided for a hearing on the petition, and if the person was found to be a criminal sexual psychopathic person, he was to be committed to the Department of Public Safety and confined at the Psychiatric Division of the Illinois State Penitentiary at Menard. In *People* v. *Sims,* 382 Ill. 472, the constitutionality of this act was upheld and it was specifically pointed out that the commitment proceeding under the act was not a criminal proceeding. In *People* v. *Redlich,* 402 Ill. 270, this court again stated that a proceeding under that act was not a criminal proceeding. In 1955, after the *Sims* and *Redlich* decisions, the act was amended by adding section 3.01 which provides: "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Act including the provisions for appeal, and all existing and future amendments of said Act and modifications thereof and the rules now or hereafter adopted pursuant to said Act shall apply to all proceedings hereunder except as otherwise provided in this Act."

Prior to 1947, section 8 of "An Act in Relation to the Illinois State Penitentiary," (Ill. Rev. Stat. 1945, chap. 108, par. 112) provided for periodic examination of inmates to determine whether they had developed a condition of insanity or feeblemindedness with continuing criminal

tendencies, and if such condition was found, to transfer the inmate to the psychiatric division of the penitentiary system for custody and treatment. In 1947, the section was amended by adding "or has become a criminal sexual psychopath," and defined the terms "criminal sexual psychopath". The constitutionality of the section, as amended, was raised in *People ex rel. Elliott* v. *Juergens,* 407 Ill. 391. In upholding its constitutionality, this court first observed that the section, as amended to deal with an inmate who had become a criminal sexual psychopath, was almost identical with that relating to an accused who is a criminal sexual psychopath under the Criminal Code. The court stated, "The only difference in the definitions [of criminal sexual psychopaths] is that in the first [under the Criminal Code] the propensity must exist for a year. This requirement is absent from the second definition [under the Penitentiary Act], for the very obvious reason that the individual in question is confined in the penitentiary for the very reason that he had committed a sex offense. The acts are so similar in definition and procedure that there should be little difference in their construction." (407 Ill. 391, 396.) The court then cited *People* v. *Sims,* 382 Ill. 472, which upheld the constitutionality of "An Act to provide for the commitment and detention of criminal sexual psychopathic persons" as controlling the constitutionality of the amended section dealing with inmates who had become criminal sexual psychopaths. In 1957, the legislature amended section 8 of the Penitentiary Act to provide that: "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Act including the provisions for appeal, and all existing and future amendments of said Act and the rules now or hereafter adopted pursuant to said Act shall apply to all proceedings hereunder except as otherwise provided in this Act." This amendment made explicit that which was implicit in *People ex rel. Elliott* v. *Juergens,* 407 Ill. 391, and *People* v. *Sims,* 382 Ill. 472. See *People* v.

*English,* 31 Ill.2d 301, 303-304. No appeal was taken within the time provided by the Civil Practice Act.

For the foregoing reasons the appeal was properly dismissed.

*Judgment affirmed.*