**People of the State of Illinois, Plaintiff-Appellee, v. Franklin Allin Harris, Defendant-Appellant.**

Gen. No. 10,780.

Fourth District.

December 13, 1966.

John Unger, Public Defender of Vermilion County, of Danville, for appellant.

John P. O'Rourke, State's Attorney of Vermilion County, of Danville, and Larry L. Lessen, Assistant State's Attorney, for appellee.

SMITH, J.

In a bench trial defendant was found to be a sexually dangerous person and was committed to the custody of the Director of Public Safety and incarcerated in Illinois State Penitentiary, Menard Branch. He was then 17 years old. We granted leave to appeal over the State's answer and motion to dismiss the petition for leave to appeal for the reason that there appeared to be merit in the appeal and the defendant was not guilty of culpable negligence in failing to appeal in the normal 30-day period. His appeal is bottomed on the proposition that there was no criminal charge pending against him at the time the petition to find him a sexually dangerous person was filed and in its absence, the proceedings are a nullity.

Defendant was arrested on a criminal charge of battery. This was dismissed on June 14, 1965, when it was

found that he was then only 16 years of age, and it was ordered that he be processed as a juvenile. Two days later a petition was filed charging him with being a male delinquent child by reason of the commission of the criminal battery. Apparently both the delinquency petition and the sexually dangerous person complaint came on for hearing together on October 20, 1965. After evidence was heard, the sexually dangerous complaint was dismissed by the State's Attorney with leave to reinstate. Defendant was then found to be a delinquent and was committed to the custody of the Illinois Youth Commission. On December 10, the State's Attorney moved to reinstate the sexually dangerous person complaint. It was granted, defendant appeared in person and by counsel. The court took judicial notice of the testimony previously taken and the admission of the psychiatric reports of the Diagnostic Division of the Illinois Youth Commission was stipulated. Defendant testified he had seen one psychiatrist in Joliet, that he understood they recommended that he be committed as a sexually dangerous person and that he preferred the Kankakee State Hospital. He was then found to be a sexually dangerous person and was committed to the care of the Department of Public Safety.

██ The State's Attorney concedes that the statute requires and the cases hold that a person must be charged with a criminal offense before a petition can be filed against such person under the Sexually Dangerous Persons Act. Ill Rev Stats 1965, c 38, § 105–3; People v. Nastasio, 19 Ill2d 524, 168 NE2d 728; People v. Redlich, 402 Ill 270, 83 NE2d 736. It is his position, however, that the petition charging the delinquency alleged that "Harris, who is under the age of 17 years, is a male delinquent child in that, he, on June 7, 1965, committed the offense of battery, to-wit: dragged Diane Smith about and threw her on the ground causing her bodily harm in violation of sec 12–3 of the Criminal Code." Ill Rev Stats 1965,

■

c 38, § 12–3, and that this is sufficient charge of a criminal offense upon which to base a petition under the Sexually Dangerous Persons Act.

We cannot agree. The thrust of the Family Court Act, Ill Rev Stats 1965, c 23, § 2001 et seq., is indubitably noncriminal. Paragraph 1 of the Act provides that a child adjudicated to be a delinquent shall not be "denominated a criminal by reason of such adjudication, nor shall such adjudication be denominated a conviction" and such individuals shall "as far as practicable . . . be treated not as criminals but as children in need of aid, encouragement and guidance." The petition under the Act is to determine the status of the defendant not his criminality. It is further observed that under § 9 of the Sexually Dangerous Persons Act when an order of discharge is entered "every outstanding information and indictment, the basis of which was the reason for the present detention, shall be quashed." Here none was pending. It had long since been dismissed. There was nothing upon which a reinstatement of the sexually dangerous person charge could be predicated. That Act by its own terms is grounded upon the existence of an information or indictment for a criminal offense and neither was then pending.

We would further observe that the delinquency petition had been tried, judgment entered, sentence to the Illinois Youth Commission imposed and defendant discharged. It was at an end. In People v. Redlich, 402 Ill 270, 83 NE2d 736, 740, it is stated:

". . . Hence, when there has been a trial of the criminal offense and the defendant has been convicted and sentenced without his mental condition having been previously determined in accordance with the provisions of the act, the object of the statute is destroyed as applied to that defendant and any proceeding pending under the statute for a determination of his mental condition, including all

303

orders entered in said proceedings, would necessarily become null and void. . . ."

We necessarily conclude that there was nothing upon which a reinstatement of the Sexually Dangerous Persons Act would be properly predicated. The judgment of the trial court must be and it is hereby reversed.

Reversed.

CRAVEN, P. J. and TRAPP, J., concur.