(No. 46105.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. ALBERT SCOTT, Appellee.

*Opinion filed May 29, 1974.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, and Ricky L. Petrone (Senior Law Student), of counsel), for the People.

Philip M. Basvic, of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County defendant was convicted of rape, indecent liberties with a child, and attempted deviate sexual assault. He was sentenced to concurrent terms of 6 to 18 years, 4 to 14 years and 4 to 14 years respectively. On appeal to the appellate court all convictions and the sentence for rape were affirmed. The appellate court, however, vacated the sentence for indecent liberties with a child and reduced the sentence for attempted deviate sexual assault to a term of 1 to 3 years. (*People v. Scott,* 14 Ill. App. 3d 211.) We granted the State's petition for leave to appeal (53 Ill.2d Rules 604(a), 315(a)) in which the sole issue raised was the propriety of the appellate court's reduction of sentence for attempted deviate sexual assault. Defendant's brief filed herein raises the same issues upon which the appellate court ruled adversely. These issues are properly cognizable in this appeal. (50 Ill.2d Rules 612(b), 318(a); see also *Schatz v. Abbott Laboratories, Inc.,* 51 Ill.2d 143, 145.) No question relating to the sufficiency of the evidence is advanced.

The victim was a 10-year-old girl who lived with her two adult sisters on the west side of Chicago. She knew defendant prior to the incident in question. On November 7, 1970, about midnight, defendant returned to the victim's apartment after he had briefly visited there several hours before. He and the victim left to obtain food at a nearby carry-out restaurant, and after the victim had purchased the food he asked if she wanted some soft drinks. He drove her to a building and they went to an apartment located at the head of the stairs on the third floor. After luring the victim into the bedroom, he struck her, removed her undergarment and raped her. Thereafter he attempted to force her to commit an act of oral copulation, but she refused. Defendant drove her back to her apartment. The victim rang the bell, and her sister answered the door. The victim said "Albert raped me." This was corroborated by the other sister. The police were summoned and the victim taken to the hospital. Pursuant to a stipulation, medical reports were admitted into evidence indicating that the victim had been examined at 3:00 A.M. on November 7, 1970. One report noted that the victim had bruises and lacerations about the face and that her hymen had been freshly ruptured. A test for evidence of spermatozoa was negative.

At trial it was determined that the victim did not know the exact address of· the building in which the offenses were committed, but that she could recognize the structure. Before the State rested its case-in-chief, the victim, accompanied by several law-enforcement officials, toured the area and the victim identified the building. The State moved to recall the victim and the motion was granted. During her testimony at this juncture she identified the building as well as the carry-out restaurant from photographs which had been previously placed in evidence.

It was the defense theory that the victim had been attacked by another assailant. Defendant apparently

claimed that he had been wrongfully accused either because he failed to support an illegitimate child he fathered with the victim's sister or because he would not pay $800 to the victim's sister in order to have the "charges dismissed."

Defendant contends that the prosecution conduct in taking the victim to the area during the proceedings was a "flagrant violation" of his right to a fair trial and that the court abused its discretion in permitting this witness to be recalled under these circumstances. We find no merit to these contentions. In this regard we agree with the reasoning of the appellate court that the record fails to demonstrate that the prosecution influenced the victim's testimony which was elicited on recall or that the defendant was substantially prejudiced thereby. Moreover, the appellate court correctly noted that the victim was recalled because during prior cross-examination she testified that, although she did not know the precise location of the building where defendant took her, she would be able to recognize it.

Defendant additionally maintains that multiple concurrent sentences could not be imposed for rape and attempted deviate sexual assault because the latter offense arose out of the same conduct or transaction. (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(m).) His contention is contrary to our decision in *People v. Moore*, 51 Ill.2d 79, 87, where we recognized the propriety of separate sentences for rape and deviate sexual assault.

The appellate court reduced the sentence for attempted deviate sexual assault to a term of 1 to 3 years. It relied upon our decision in *People v. Harvey*, 53 Ill.2d 585, as permitting defendant to take advantage of sentencing provisions of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001—1—1 *et seq.*) and the related amendment of the attempt section of the Criminal Code which provided in pertinent part:

"(c) Sentence.

A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A—2 of this Act,

(1) the sentence for attempt to commit murder shall not exceed the sentence for a Class 1 felony;

(2) the sentence for attempt to commit treason, or aggravated kidnaping shall not exceed the sentence for a Class 2 felony;

(3) the sentence for attempt to commit any other forcible felony shall not exceed the sentence for a Class 3 felony; and

(4) the sentence for attempt to commit any offense other than those specified in Subsections (1) and (2) hereof shall not exceed the sentence for a Class 4 felony." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c), effective January 1, 1973.

The offense of deviate sexual assault is a forcible felony. (Ill. Rev. Stat. 1969, ch. 38, pars. 2—8 and 11—3.) Subsections 8—4(c)(1) and (2), effective January 1, 1973, specifically pertained to three enumerated forcible felonies (murder, aggravated kidnapping and treason). Subsection 8—4(c)(3) provided that all other attempted forcible felonies were to be treated as Class 3 felonies for sentencing purposes. Subsection 8—4(c)(4) provided that all offenses not specified in 8—4(c)(1) and (2) were to be treated as Class 4 felonies. The inconsistency of these provisions is apparent.

The appellate court was cognizant of the possibility that the legislature may have intended to exclude from subsection 8—4(c)(4) all offenses which might be classified in subsection 8—4(c)(3), but the appellate court found that this had not been accomplished. Thus it categorized the offense of attempted deviate sexual assault as a Class 4 felony, which permitted a maximum sentence of 3 years. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(5).) This, in effect, rendered subsection 8—4(c)(3), as previously set forth, a nullity.

We agree that defendant may be afforded the sentencing modifications permitted by the Unified Code of Corrections. It is also necessary to apply the relevant statutory provisions of the Code which were effective on January 1, 1973, to this appeal. (*People ex rel. Weaver v. Longo,* 57 Ill.2d 67, 73.) We do not accept the rationale of the appellate court in construing the offense of attempted deviate sexual assault as within the purview of subsection 8—4(c)(4) of the Criminal Code, thereby necessitating imposition of a sentence in accord with the limits set for a Class 4 felony.

In construing a statutory enactment the prime consideration is to give effect to the intent of the legislature. (*Berry v. Searle,* 56 Ill.2d 548, 553.) By applying rules of statutory construction, the aforesaid deficiencies are readily cured. The judiciary possesses the authority to insert language into a statute that has been omitted through legislative oversight. (*Carey v. Elrod,* 49 Ill.2d 464, 470; see also *Community Consolidated School District No. 210 v. Mini,* 55 Ill.2d 382, 386.) By reading subsection 8—4(c)(4) to provide that "the sentence for attempt to commit any offense other than those specified in subsections (1) and (2) [and (3)] hereof shall not exceed the sentence for a Class 4 felony" an unambiguous provision emerges. This construction was implicitly recognized in *People ex rel. Weaver v. Longo,* 57 Ill.2d 67, 69, wherein the offense of attempted armed robbery was treated as a Class 3 felony for sentencing purposes.

Our interpretation is also buttressed by the subsequent amendment of subsections 8—4(c)(1) to (4), which may be an appropriate source in discerning legislative intent. (*Lubezny v. Ball,* 389 Ill. 263, 266.) Subsection 8—4(c) now reads:

"(c) Sentence.

A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A—2 of this Act.

(1) the sentence for attempt to commit murder shall not exceed the sentence for a Class 1 felony;

(2) the sentence for attempt to commit a Class 1 felony shall not exceed the sentence for a Class 2 felony;

(3) the sentence for attempt to commit a Class 2 felony shall not exceed the sentence for a Class 3 felony; and

(4) *the sentence for attempt to commit any felony other than those specified in Subsections (1), (2) and (3) hereof shall not exceed the sentence for a Class 4 felony."* (Emphasis added.) Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c).

This revision is consistent with our interpretation of section 8—4(c)(4) as previously enacted.

It is of further interest that under the present attempt provision the offense of attempted deviate sexual assault would be treated as a Class 2 felony for sentencing purposes because the completed offense is subject to penalties for a Class 1 felony. (Ill. Rev. Stat. 1973, ch. 38, pars. 11—3 and 8—4(c)(2); see *People ex rel. Weaver v. Longo,* 57 Ill.2d 67, 70.) This demonstrates legislative recognition of the serious nature of the offense and lends additional support to the conclusion that the offense of attempted deviate sexual assault was not to be afforded the minimal penalty period of incarceration authorized for a Class 4 felony.

The defendant was charged with indecent liberties with a child (Ill. Rev. Stat. 1969, ch. 11—4(a)(1)). The appellate court held that this offense arose from the same act which constituted the offense of rape, the more serious offense. Therefore it properly vacated the sentence imposed for the lesser offense under the applicable law. Our recent decision in *People v. Lilly,* 56 Ill.2d 493, 495, requires that under such circumstances the judgment of conviction for indecent liberties must also be vacated.

Accordingly, the judgment of the appellate court insofar as it sustained the conviction and sentence for rape is affirmed. That portion of its judgment affirming the

conviction for indecent liberties with a child is reversed and the cause remanded to the circuit court of Cook County with directions to vacate the judgment of conviction for this offense. The appellate court's affirmance of the conviction for attempted deviate sexual assault is affirmed, but its modification of the sentence is reversed and the cause remanded to the circuit court with directions to sentence defendant in accordance with the limits established for a Class 3 felony, which was the appropriate prescribed penalty at the time of the effective date of the Unified Code of Corrections.

*Affirmed in part, reversed in part*
*and remanded, with directions.*