THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DERRICK WILLIAMS, Defendant-Appellant.

Third District   No. 3—88—0285

Opinion filed June 8, 1989.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

A jury convicted the defendant, Derrick Williams, of armed violence and aggravated battery (Ill. Rev. Stat. 1987, ch. 38, pars. 33A—2, 12—4(a)). Prior to sentencing, the trial court vacated the aggravated battery conviction. The defendant was then sentenced to a term of 10 years' incarceration, to be served consecutively to a four-year sentence imposed following a prior guilty plea to residential burglary. The defendant appeals the imposition of a consecutive sentence. We affirm.

The record shows that the defendant was originally charged with residential burglary. While he was on pretrial release in that case, he committed the instant offenses of armed violence and aggravated battery. On December 30, 1987, the defendant was tried and convicted of the offenses he committed while on pretrial release, but was not sentenced. On January 5, 1988, he entered a plea of guilty to residential burglary and was sentenced to a four-year term of imprisonment. On April 15, 1988, the defendant was sentenced to a consecutive term of 10 years' imprisonment on the armed violence conviction.

On appeal, the defendant argues that he was not eligible for a consecutive sentence under the statute in effect at the time the offense was committed and therefore the 10-year armed violence sentence should be vacated. At the time the offenses were committed, section 5—8—4(h) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(h)) provided:

"If a person charged with a felony commits a separate felony while on pre-trial release, any sentence imposed upon conviction of that separate felony shall be consecutive to any sentence imposed upon conviction of the original felony."

The defendant contends that the statute contemplates that a defendant will be first convicted and sentenced for the original felony, and then convicted and sentenced for the felony committed while on pretrial release. Therefore, because he was first tried for the pretrial offenses rather than the original felony, he argues that a consecutive

sentence was improper.

In support of his position, the defendant refers to the amendment of section 5—8—4(h) of the Code, which now provides:

"If a person charged with a felony commits a separate felony while on pre-trial release, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(h).)

The defendant argues that the statute was amended because the legislature realized the quirk in the law applicable to a case such as his and therefore changed the statute to provide that a consecutive sentence can be imposed regardless of the order of the convictions.

The State argues that the statute in existence at the time the defendant committed the offenses required only that the defendant be sentenced for the original felony before he was sentenced for the felony committed while on pretrial release. It contends that the amendment merely clarified the legislature's original intent.

■ The fundamental objective of statutory construction is to ascertain and give effect to the legislature's intent. (*People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596.) The language used in a statute is the primary source for determining this intent, and where that language is certain and unambiguous, the proper function of the court is to enforce the statute as enacted. *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.

■ We find that section 5—8—4(h) as enacted at the time these offenses were committed required only that the defendant be sentenced on the original felony before he was sentenced for the felony committed while on pretrial release. (See *People v. Clodfelder* (1988), 176 Ill. App. 3d 339, 530 N.E.2d 1173.) The unambiguous language of the statute imposed no requirement that the convictions occur in a certain order. Further, there is no convincing legal or practical rationale for implying such a requirement.

In the instant case, the defendant was sentenced for residential burglary on January 5, 1988. He was then sentenced for the armed violence offense on April 15, 1988. The trial court could therefore properly impose a consecutive sentence for the armed violence conviction.

■ With regard to the defendant's argument that in amending the statute the legislature intended to effect some change in the law as it formerly existed, we note that a subsequent amendment may be interpreted to indicate a legislative intent to clarify the law rather than change it. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d

31; *In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 492 N.E.2d 622.) Thus, to the extent one could argue that an ambiguity existed in the prior statute, the legislature's amendment merely clarified its intent that in imposing a consecutive sentence the order in which the convictions were entered would be of no effect.

The determination that a consecutive sentence should be imposed is left to the discretion of the trial judge and will not be disturbed absent a showing of an abuse of that discretion. (*People v. Coleman* (1980), 91 Ill. App. 3d 646, 415 N.E.2d 553.) We do not find under the facts of the instant case that the trial judge abused his discretion when he ordered the defendant to serve his sentence for armed violence consecutively to his sentence for residential burglary.

We note that our decision renders moot the defendant's second argument on appeal that if his sentence were ordered to run concurrently he would be entitled to credit against his sentence for the time he spent in custody between the date he was sentenced for the residential burglary offense and the date he was sentenced in the instant case. See *People v. Pluskis* (1987), 162 Ill. App. 3d 449, 515 N.E.2d 480.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

WOMBACHER and BARRY, JJ., concur.