THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EDDIE LEE BURKS, Defendant-Appellee.

Third District   No. 3—88—0591

Opinion filed October 5, 1989.

Edward F. Masters, State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Eddie Burks, was initially charged by complaint with first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1), but was subsequently indicted for second degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—2). The indictment alleged that the defendant had committed first degree murder by shooting the victim, but that at the time of the killing he had unreasonably believed the circumstances to be such that if they existed would justify or exonerate his action. The defendant filed a motion to dismiss the indictment. The trial court granted the motion, finding that the State could not charge the defendant with second degree murder, because that offense exists only when the defendant is charged with first degree murder and the defendant has put forth evidence of mitigating factors. The State appeals.

Initially, we note that the defendant is "confessing error" on the part of the trial court. Both the State and the defendant argue on appeal that the trial court erred in dismissing the indictment.

The offense of second degree murder is defined in relevant part as follows:

"(a) A person commits the offense of second degree murder when he commits the offense of first degree murder *** and

either of the following mitigating factors are present:

(1) At the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed; or

(2) At the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under \*\*\* Article 7 of this Code, but his belief is unreasonable.

\*\*\*

(c) When a defendant is on trial for first degree murder and evidence of either of the mitigating factors defined in subsection (a) of this Section has been presented, the burden of proof is on the defendant to prove either mitigating factor by a preponderance of the evidence before the defendant can be found guilty of second degree murder." Ill. Rev. Stat. 1987, ch. 38, par. 9—2.

■ We note that when construing a statute, the prime consideration is to give effect to the intent of the legislature. (*People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596.) The intent of the legislature can best be determined by the plain and ordinary meaning of the statutory language. (*People v. Pettit* (1984), 101 Ill. 2d 309, 461 N.E.2d 991.) A reviewing court should interpret a statute to promote its essential purposes and to avoid, if possible, a construction that would raise doubts as to its validity. *People v. Nastasio* (1960), 19 Ill. 2d 524, 168 N.E.2d 728.

■ In the instant case, the trial court found that under the statute second degree murder exists only when a defendant charged with first degree murder chooses to put forth evidence of mitigating circumstances. Therefore, the court concluded, the State cannot charge a defendant with second degree murder. We find that the legislature did not intend such a result in enacting this statute.

The statute states that when a defendant has committed the offense of first degree murder the charge can be reduced to second degree murder if certain mitigating factors are present. The State is therefore required to prove the elements of first degree murder beyond a reasonable doubt. The defendant is then required to prove the mitigating factors in order to reduce the charge. *Patterson v. New York* (1977), 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319, and *Martin v. Ohio* (1987), 480 U.S. 228, 94 L. Ed. 2d 267, 107 S. Ct. 1098, approve similar statutes from other States.

The statute does not, however, prohibit the State from initially charging a defendant with second degree murder. By charging a defendant with second degree murder, the State is alleging that it can prove the elements of first degree murder, but is conceding the presence of mitigating factors. Under these circumstances the defendant bears no burden to prove any mitigating factors. Of course, if the instant defendant is tried by a jury and the cause reaches the deliberations stage, special jury instructions will be needed to explain the elements of the offense.

The judgment of the circuit court of Will County dismissing the defendant's indictment is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

WOMBACHER, P.J., and HEIPLE, J., concur.