THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY EDWARD LOVETT, Defendant-Appellant.

Third District    No. 3—91—0625

Opinion filed September 22, 1992.

SLATER, J., specially concurring.

Catherine FitzSimmons, of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Larry Edward Lovett, was charged with disorderly conduct and theft. Thereafter, the State filed a petition alleging that the defendant was a sexually dangerous person. (Ill. Rev. Stat. 1989, ch. 38, par. 105—1.01 *et seq.*) Following a stipulated bench trial, the defendant was found to be a sexually dangerous person. He appeals, and we affirm.

The Sexually Dangerous Persons Act (the Act) states in relevant part:

"When any person is charged with *a criminal offense* and it shall appear to the Attorney General or to the State's Attorney of the county wherein such person is so charged, that such person is a sexually dangerous person, within the meaning of this Act, then the Attorney General or State's Attorney of such county may file with the clerk of the court in the same proceeding wherein such person stands charged with [a] *criminal of-*

*fense*, a petition in writing setting forth facts tending to show that the person named is a sexually dangerous person." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 105—3.

Although the defendant acknowledges on appeal that the Act does not state that the criminal charge which underlies a petition must set forth a sexual offense, he nonetheless argues that the Act implicitly requires the underlying charge to be sexually related. We disagree.

When construing a statute, our prime consideration is to give effect to the intent of the legislature. (*People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596.) That intent can best be determined by the plain and ordinary meaning of the statutory language. Moreover, a reviewing court should interpret a statute to promote its essential purposes and to avoid, if possible, a construction that would raise doubts as to its validity. *People v. Burks* (1989), 189 Ill. App. 3d 782, 545 N.E.2d 782.

In the case at hand, we note that the Act does not require the underlying criminal offense to be a sexual offense. Rather, the Act merely requires that a person be charged with a criminal offense. Had the legislature intended otherwise, it would have specifically stated that a person must be charged with a sexual offense before a petition could be filed. Since it did not do so, we find that the term "criminal offense" means *any* criminal offense and not only offenses that are sexually related.

The defendant also argues that the Act violates the equal protection clause. We find this contention to be without merit.

The equal protection clause does not deny the State the power to treat different classes of persons in different ways. The clause only comes into play when the law punishes unequally persons who have committed the same quality of offense. *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.

In the case at hand, the defendant has failed to show how he was treated differently from any other person who was charged with an offense and also fit the definition of a sexually dangerous person. As such, we find no violation of the equal protection clause.

Accordingly, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

GORMAN, J., concurs.

JUSTICE SLATER, specially concurring:

In the case at bar, the criminal charges filed against the defendant had sexual implications. The disorderly conduct charge was based on

the defendant's being found outside a window with his pants unzipped and in possession of a ski mask. The theft charge involved theft of telephone services, and the phone calls were of an obscene and sexual nature. Based on the record in this case, which includes a long history of sex offenses committed by the defendant, I agree with the majority's disposition.

I disagree that the Sexually Dangerous Persons Act should be interpreted to apply when a defendant is charged with *any* criminal offense. Our supreme court in *People v. Sims* (1943), 382 Ill. 472, 47 N.E.2d 703, stated:

"This statute is to be construed as applying only to such crimes as tend to show a criminal sexual psychopathic condition in the accused. This is clearly the intent of the General Assembly." *Sims*, 382 Ill. at 477.

The offenses charged clearly showed a criminal sexual psychopathic condition and, thus, the Act is applicable under the circumstances of this case.