(No. 39059.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT EUGENE COVEY, Plaintiff in Error.

*Opinion filed March 24, 1966.*

SCHAEFER, J., concurring.

LLOYD F. LATENDRESSE, of Decatur, appointed by the court, for plaintiff in error.

BASIL G. GREANIAS, State's Attorney, of Decatur, for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

In June, 1958, shortly after an information had been filed in the circuit court of Macon County charging the defendant, Herbert Eugene Covey, with assault with intent to commit a lewd act, the State's Attorney filed a petition pursuant to the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1957, chap. 38, pars. 820.01 *et seq.*) for an adjudication that defendant was such a person. After a hearing by the court, a jury having been waived, the petition was granted and defendant was committed to the custody of the Director of Public Safety for care and treatment until recovered. He has appealed directly to this court for review, the basis for our jurisdiction being a claim that the admission into evidence of an allegedly involuntary confession deprived him of due process of law.

Defendant does not question the sufficiency of the evidence to show a mental disorder which in this case manifested itself in the sexual molestation of male children. He contends, however, that the People failed to prove such mental disorder had existed for a year immediately prior to the filing of the petition as required by the act. We find no merit to this claim. The immediate cause of defendant's arrest was a sexually abnormal act committed with a ten-year-old boy on May 27, 1958, and a consideration of the child's entire testimony leaves no doubt that such act occurred and that they had engaged in the same activity on at least five other occasions extending over a period of two years. Moreover, based upon admissions of similar activities during defendant's placement in a school for the mentally

retarded, a psychiatrist who examined him estimated that the mental disorder had probably existed for a period of five years.

As further required by the act, two psychiatrists examined defendant and filed their reports with the court, and it is now contended that error occurred because only one of the psychiatrists testified at the hearing on the petition. We have held, however, that there is no requirement in the act that both must testify, and that the testimony of one is sufficient to establish a *prima facie* case in the absence of contradictory reports. (*People* v. *Olmstead,* 32 Ill.2d 306, 312.) There were no contradictory reports in this case.

At the conclusion of his testimony the psychiatrist stated he would classify defendant as sexually dangerous "under the new statute," and it is now urged that such testimony invaded the province of the court, as the trier of fact, since it was an opinion as to the ultimate fact in issue. We find, however, that there has in recent years been a marked relaxation in the opinion rule, particularly in cases dealing with medical education and medical capacity, (see: Cleary, Handbook of Illinois Evidence, 2d ed., pp. 185, 193; *Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236,) and we believe that proceedings of the present character fall within the area where relaxation is proper. While the question of whether an individual is a sexually dangerous person is one of fact, it is one which, by its nature, cannot be answered by a court or jury without hearing the opinions of those having peculiar and special knowledge in the fields of mental disorder and sexual aberration. In any event, as given in this case, the opinion of the psychiatrist was nevertheless an opinion only, and it still remained the function of the court to determine the issue from all the facts before it.

Equally untenable is defendant's contention that the expert opinion was improper because it is impossible to

determine the facts upon which it was based. As the question was put, and as the record shows, the opinion was based upon the facts and knowledge derived by the psychiatrist from his examination of defendant, about which he was examined and cross-examined, and the testimony of the child molested. Opinions may be given on the basis of the personal observations of the expert or on the evidence of other witnesses detailing facts and circumstances which tend to show mental disorder. *People* v. *Lowhone*, 296 Ill. 391, 403; *Schneider* v. *Manning*, 121 Ill. 376, 387.

Shortly after his arrest defendant signed an extrajudicial statement admitting the lewd acts subsequently testified to by the children involved, and it is now contended that the statement was involuntary and that its admission into evidence deprived defendant of due process. While we entertain some doubt that the objection of involuntariness was ever properly raised or passed upon in the trial court, (*cf. People* v. *Olmstead*, 32 Ill.2d 306, 310,) it is clear that the reception of the statement into evidence was not prejudicial error in this case. Not only was defendant's mental disorder fully and clearly established by other competent evidence, (*cf. People* v. *Pelkola*, 19 Ill.2d 156, 162-163; *People* v. *Kraus*, 395 Ill. 233,) but at one phase of the hearing we find that defendant made a judicial admission that he had engaged in the lewd conduct testified to by the complaining witnesses. Apart from this, the evidence in the record is such that the trial court, which was also the trier of fact in this instance, could have concluded that the statement was voluntary had it been called upon to do so.

The order of the circuit court of Macon County adjudicating defendant a sexually dangerous person was correct and is therefore affirmed.

*Order affirmed.*

Mr. Justice Schaefer, concurring: I concur upon the authority of *People* v. *Olmstead*, 32 Ill.2d 306.