**People of the State of Illinois, Plaintiff-Appellee,
v. James R. Sweeney, Defendant-Appellant.**

**Gen. No. 69–5.**

Second District.

October 24, 1969.

J. Daniel King, of Rockford, for appellant.

Philip Reinhard, State's Attorney, of Rockford, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

James R. Sweeney, the defendant, was committed to the Director of the Department of Public Safety in 1961, as a sexually dangerous person. Thereafter, he filed a number of petitions for writ of recovery under the provisions of section 9 of the Sexually Dangerous Persons Act (Ill Rev Stats 1967, c 38, par 105–9). The last petition was filed in June of 1968, wherein he demanded a jury trial. The matter was heard before a jury; the defendant was represented by private counsel; and the jury returned a verdict finding that he had not recovered from being a sexually dangerous person. The defendant has appealed from the order entered on that verdict.

He contends that: (1), the expert opinion of one of the psychiatrists should not have been considered by the jury in that there were insufficient facts recited by the witness on which to base his opinion; (2), the Special Progress Report was hearsay and should not have been admitted in evidence; (3), the burden of proof should have been upon the State to prove beyond a reasonable doubt that the defendant had not recovered and the burden should not have been on the defendant to prove recovery by a preponderance of the evidence; (4), the State failed to meet this burden of proof; and (5), the instructions to the jury were incorrect and incomplete.

At the outset, it should be noted that the defendant demanded and had a jury trial, but did not file a post-trial motion. Section 3.01 of the Sexually Dangerous Persons Act (Ill Rev Stats 1967, c 38, par 105–3.01), provides that the proceedings under the Act are civil in nature, and that the provisions of the Civil Practice Act, including the provisions for appeal, and all rules adopted pursuant to the Civil Practice Act, "shall apply to all proceedings hereunder except as otherwise provided in this Act."

84

We think it appropriate to note that under section 68.-1(2) of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 68.1(2)), the failure to present a post-trial motion should preclude review. While our courts have been cautious to assure a defendant under these proceedings the same procedural safeguards as an accused in a criminal proceeding, we also have given more than lip service to the legislative mandate that the provisions of the Civil Practice Act are to apply, and that the manner of and limitations on review are those expressed in the Civil Practice Act. The People v. Capoldi, 37 Ill2d 11, 16, 17, 225 NE2d 634 (1967); The People v. Fish, 36 Ill2d 220, 223–225, incl., 221 NE2d 637 (1966); People v. Kennedy, 101 Ill App2d 91, 94, 242 NE2d 278 (1968).

At the time of Capoldi, supra, the Civil Practice Act provided that an appeal must be perfected by the filing of a notice of appeal within 60 days from the date of the judgment. The defendant had not filed the notice of appeal within the prescribed time. In rejecting the argument that to deny the right of appeal under the circumstances would be a denial of the same procedural safeguards available to an accused in a criminal trial, the court, at page 16, stated: "The difficulty with this argument is that we are not dealing here with a procedural safeguard, but with an express and studied legislative direction as to the manner of and limitations on review which we are not at liberty to ignore."

█ The rationale of Capoldi is compelling, particularly where the matter before the court is the petition for a writ of recovery as opposed to the original petition seeking to have the person declared a sexually dangerous person. However, since we are dealing with a case involving the question of the continued confinement of the defendant, and in view of the concern expressed by our courts in this type of case (e. g., The People v. Nastasio, 19 Ill2d 524, 528, 168 NE2d 728 (1960); The People v.

Capoldi, 10 Ill2d 261, 267, 268, 139 NE2d 776 (1957) ; People v. Beshears, 65 Ill App2d 446, 458, 213 NE2d 55 (1965)), and because the State has not objected to a consideration of the appeal on the merits, we will, without establishing a precedent, review the contentions raised by the defendant on the merits. See: People v. Capoldi, 37 Ill2d 11, at 15, 225 NE2d 634 (1967). Our conclusion to review the case on the merits is further indicated by the decision in The People v. Flynn, 8 Ill2d 116, 133 NE2d 257 (1956). At page 120, the court stated:

> "In the case at bar there is nothing to indicate that either the prosecutor or the court called on defendants to specify in writing the points on which they based their motion, and the State must therefore be held to have waived such requirement. . . . We conclude that since the State failed to object to the absence of a written motion it has waived any question as to its form and defendants are not precluded from assigning the present matters as errors."

Objection was made by the defendant to the opinion expressed by one of the psychiatrists, Dr. J. G. Graybill. The doctor testified as to his professional qualifications and background, and there were no objections with reference to his qualifications. He then testified that he examined the defendant on four different occasions— twice in 1961 and twice in 1968; that in March of 1968 he did a clinical evaluation and psychological testing of the defendant; and that in November an additional clinical examination and evaluation was done. He was then asked his opinion as to whether the defendant was still a sexually dangerous person. There was no objection to this testimony and he answered in the affirmative.

 The defendant may not permit evidence to be admitted at the trial without objection and urge error in

86

the admission and consideration of such evidence for the first time on appeal. The People v. Sinclair, 27 Ill2d 505, 508, 509, 190 NE2d 298 (1963) ; Illinois Bldg. Authority v. Dembinsky, 101 Ill App2d 59, 64, 242 NE2d 67 (1968). Further, it is obvious from the record that the opinion of the doctor was based upon facts and knowledge derived from his examination of the defendant, and his opinion was proper for consideration by the jury. The People v. Covey, 34 Ill2d 195, 197, 198, 215 NE2d 220 (1966).

■ Objection was made by the defendant to the admission of the Special Progress Report from the Psychiatric Unit at Menard State Penitentiary as hearsay evidence. However, it is specifically required by statute that this sociopsychiatric report be prepared upon the filing of a petition for writ of recovery and be considered upon the hearing on the petition. Ill Rev Stats 1967, c 38, par 105-9; People v. Haywood, 96 Ill App2d 344, 345, 346, 239 NE2d 321 (1968). This statutory exception is but one of many exceptions to the hearsay rule. The report is prepared by the psychiatrist, sociologist, psychologist and warden assigned to the institution where the defendant is confined. Like most exceptions to the hearsay rule, this report has inherent guarantees of trustworthiness in both the number and professional character of the persons involved in making the report. The findings and opinions of these persons are important to the determination to be made in cases such as this. Expert assistance in the determination, particularly from those who have been in close contact with the defendant, is invaluable. It is apparent that the information obtained from these reports would be unavailable if these same persons were required to appear throughout the state and testify in all cases wherein a petition for writ of recovery hearing was held. This alone is a compelling reason for the admission of the report into evidence. See: Cleary, Handbook of Illinois Evidence, Second Edition,

§ 17.6. We find no error in admitting this report into evidence, as required by statute.

■ ■ It is here urged by the defendant that the burden of proof in this case was upon the State and not upon him. However, it has been specifically held that where one has been adjudged sexually dangerous, the presumption obtains that this condition continues until evidence of recovery is adduced; and that the burden of proof shifts to the defendant in subsequent proceedings to prove by a preponderance of the evidence that he is no longer sexually dangerous. The People v. Fish, supra, 222; The People v. Couvion, 33 Ill2d 408, 411, 211 NE2d 746 (1965). Also see: People ex rel. Drury v. Catholic Home Bureau, 34 Ill2d 84, 95, 213 NE2d 507 (1966).

■ The defendant complains of error in the giving of certain instructions which he tendered. It is well settled that a party may not challenge on appeal the propriety of instructions tendered by him. People v. Count, 106 Ill App2d 258, 263, 246 NE2d 91 (1969).

■ He further claims error in the refusal of the court to give the following instruction:

"The Court instructs the jury that there is in force in the State of Illinois a Statute, which reads as follows:

" 'If the patient is found to have recovered, the Court shall order that he be discharged. If the Court finds that the patient appears to be no longer sexually dangerous, but that it is impossible to determine with certainty under conditions of institutional care that such person has fully recovered, the Court shall enter an order permitting said person to go at large subject to such conditions and such supervision by the Director as in the opinion of the Court will adequately protect the public.'

"If you find that James R. Sweeney appears to be no longer sexually dangerous, but that is (sic) is im-

88

possible to determine with certainty under conditions of institutional care that he has fully recovered, you will being (sic) in a verdict to the effect."

And, he also complains of the refusal of the court to give a verdict based upon this portion of the statute.

We believe that the failure of the court to give the tendered instruction and verdict form was error. There was testimony from one of the psychiatrists to the effect that it was not possible to determine with certainty, under the conditions of institutional care, whether the defendant had recovered. The jury could also have arrived at this conclusion from a consideration of all of the other evidence in the case.

██ ██ In determining whether there is sufficient evidence to require the giving of an instruction, we are not called upon to weigh the evidence or determine if we believe the evidence should lead to a particular conclusion. The defendant was entitled to the benefit of any testimony favorable to his theory or theories of the case as shown by the total evidence. If there was but slight evidence relating to a particular theory of his case—yet such evidence might permit a jury to find on it—he was entitled to an instruction then on that theory. The People v. Kalpak, 10 Ill2d 411, 424, 140 NE2d 726 (1957); The People v. Matter, 371 Ill 333, 338, 339, 20 NE2d 600 (1939); 14A, ILP, Criminal Law, § 702.

On redirect examination, counsel for the defendant asked Doctor Hamann, who had testified on direct that he thought the defendant had recovered from being a sexually dangerous person, the following question, which was answered in the negative: "Doctor, is it possible to determine with certainty under conditions of institutional care whether or not Mr. Sweeney has recovered, to determine this with certainty?" We believe that this testimony was ample to support the foregoing instruction and the theory of the defendant's case set forth therein.

89

There were three possible conclusions for the jury to reach under the statute and the evidence: (1), it could have determined that the defendant had recovered and he would be entitled to be discharged; (2), that he had not recovered, and his confinement would continue; or (3), that it appeared that he was no longer sexually dangerous, but that this could not be determined with certainty under conditions of institutional care. If the jury reached the latter conclusion, the defendant would then be permitted to be released from confinement, subject to certain conditions and supervision imposed by the court.

The defendant was entitled to have this theory presented to the jury. It was not presented to the jury due to the refusal of the trial court to instruct and submit a verdict on this aspect of the case.

Since this case must be remanded for a new trial, we will comment on the form of the foregoing tendered instruction. The portion of the instruction containing the quotation from the statute refers to the "court" making certain findings. It is possible that this reference in the statute to the "court" making certain findings could be confusing to the jury where, as here, the defendant demanded a jury trial on these factual issues. On a retrial of this case, it would be more appropriate for an instruction to be given which defines the three possible determinations that the jury can make under the statute, and which advises the jury of the verdict it should render in each respective circumstance without quoting from the statute.

The order of the trial court is reversed and the cause is remanded for a new trial, consistent with the views expressed herein.

Reversed and remanded.

MORAN, P. J. and SEIDENFELD, J., concur.