THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR BEKSEL, Defendant-Appellant.

(No. 72-65;

Second District—March 14, 1973.

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant was found to be a sexually dangerous person on February 10, 1969 in the circuit court of Winnebago County, Illinois. He was committed under the Sexually Dangerous Persons Act. Ill. Rev. Stat. 1967, ch. 38, sec. 105—1.01.

This commitment was affirmed by this court in *People v. Beksel* (1970), 125 Ill.App.2d 322, 261 N.E.2d 40.

Subsequently, on August 31, 1970, the defendant filed a *pro se* petition for recovery in the circuit court of Winnebago County. The public defender was appointed to represent him and two psychiatrists were appointed to examine him. He was examined on March 29, 1971; a rather lengthy hearing was had on the defendant's petition for recovery. Four inmates of the Illinois State Penitentiary testified as to sexual conversations and actions of the defendant. The defendant himself testified and denied the purported conversations and actions with these men. Another inmate of the penitentiary testified on behalf of the defendant to the contrary of the other four witnesses. In addition to this, a female friend of the defendant who had seen him once in the county jail testified that if he were released she would marry him so that he could be the father of her two children. She had never seen him in the penitentiary but had known him for fifteen years. The defendant also introduced evidence that he had employment if he were released.

■■■ At this hearing one psychiatrist testified that the defendant was sufficiently recovered to warrant out-patient treatment, but the other psychiatrist testified that the defendant had not recovered and needed further treatment in the institution. In addition to this testimony, pursuant to Ill. Rev. Stat. 1969, ch. 38, sec. 105—9, the court properly considered the progress reports from the Illinois State Penitentiary at Menard, concurred in by the staff psychologist, psychiatrist, and warden, which concluded that the defendant was still a sexually dangerous person. The trial court found that the defendant had not in fact recovered and was still sexually dangerous. It would appear that a substantial hearing was afforded the defendant and that the trial court was justified in finding by a preponderance of the evidence that he had not recovered. We have previously held that the defendant must prove by a preponderance of the evidence that he is no longer sexually dangerous. *People v. Sweeney* (1969), 114 Ill.App.2d 81, 251 N.E.2d 897.

Pending this appeal, the defendant's attorney has filed a motion to withdraw as counsel claiming the appeal to be frivolous.

■■ As counsel has indicated we do not substitute our judgment for that of the trial court. *People v. Harter* (1967), 86 Ill.App.2d 461, 468, 230 N.E.2d 15, 19; *People v. Cansler* (1971), 132 Ill.App.2d 19, 24, 267 N.E.2d 136, 140.

We further find the record discloses that the public defender adequately and properly represented the defendant in these proceedings. It would appear that he diligently performed his duties as attorney as indicated from the defense testimony outlined above.

After a total review of the record (as required by *Anders v. California* (1967), 336 U.S. 738, 18 L.Ed.2d 493, 498, 87 S.Ct. 1396), we conclude that the appeal herein lacks merit.

The motion to withdraw is allowed and the judgment of the trial court is affirmed.

Motion to withdraw allowed; judgment affirmed.

SEIDENFELD and ABRAHAMSON, JJ., concur.