THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* WILLIAM ESPINOZA, Respondent-Appellant.

First District (4th Division)   No. 77-699

Opinion filed October 27, 1977.

James J. Doherty, Public Defender, of Chicago (Judith Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

A mental health petition was filed in the circuit court of Cook County, alleging William Espinoza (hereinafter "the respondent") to be in need of mental treatment. A hearing was held on February 14, 1977. The

respondent was found to be in need of mental treatment and was committed to the Department of Mental Health. Notice of appeal was filed and the public defender was appointed to represent the respondent.

On July 26, 1977, the public defender filed a motion for leave to withdraw, supported by a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, in which he states the issues which could possibly be raised on appeal are whether the respondent was proven by clear and convincing evidence to be in need of mental treatment and whether it was error to allow a doctor to base his opinion on the medical records compiled by others. After reviewing the record we agree these are the only conceivable arguments which could be raised on appeal. The public defender's brief concludes an appeal on these issues would be without merit.

Copies of the motion and brief were mailed to the respondent on August 8, 1977. The respondent was informed he had until October 7, 1977, to file any points he might choose in support of his appeal and he has failed to answer.

Respondent argued at the hearing he could not be proven dangerous to himself where the doctor's testimony regarding the respondent's suicide attempt was not based upon his own knowledge but upon a hospital record.

At the hearing on the mental health petition Dr. Kapoor testified respondent's record discloses a serious suicide attempt. The doctor testified, because of an overdose of tranquilizers, the respondent was taken to an emergency room of another hospital to have his stomach pumped. Upon cross-examination, the doctor testified he had no first-hand knowledge of this incident and he relied on medical records.

In *People v. Ward* (1975), 61 Ill. 2d 559, 338 N.E.2d 171, a doctor was allowed to give his opinion as to the sanity of the defendant at the time the crime was committed. This opinion of the doctor was, in part, predicated on the report of another doctor who did not appear at trial. The Illinois Supreme Court held it was not error to allow the doctor to base his opinion, in part, upon the medical records compiled by others. The court stated:

> "If such reports are of a type customarily utilized by the medical profession, then these reports may be used as factors by an expert in the determination of his opinion as to an accused's sanity even though the reports are not admitted into evidence." (*Ward*, 61 Ill. 2d 559, 568.)

The court went on to say since these types of reports are commonly used by doctors, they have a high degree of reliability.

In the instant case, the medical record used by Dr. Kapoor was just one aspect of his examination and diagnosis. In addition to this record of a

suicidal attempt, the doctor also testified he examined the respondent four times. The respondent personally admitted he wished to harm himself and he wanted to commit suicide. This testimony, along with the medical record, is clear and convincing evidence the respondent was dangerous to himself.

The respondent also argued he was not proven by clear and convincing evidence to be in need of mental treatment.

Undisputedly, the standard of proof required to establish a person is in need of mental treatment is clear and convincing evidence. *In re Stephenson* (1977), 67 Ill. 2d 544.

Here, the doctor's testimony established the respondent was hallucinatory since he was hearing voices. The doctor testified the respondent suffered from the delusion he would run out of breathing air and die. The doctor also testified the respondent said he wished to hurt himself.

The doctor diagnosed the respondent as suffering from schizophrenia with suicidal tendencies. He testified the record disclosed a serious suicidal attempt only two weeks before his hospitalization.

At the hearing, the respondent maintained he was not in need of mental treatment. However, he did admit to hearing voices. Respondent also admitted telling the doctor he wanted to commit suicide. Finally, respondent denied ever being in another hospital, which contradicted his hospital record.

In light of the aforesaid testimony, and evidence in the record of a suicide attempt, the State has proven by clear and convincing evidence William Espinoza was a person in need of mental treatment.

We have reviewed the record and the brief submitted by counsel, and have concluded there are no arguably meritorious grounds for appeal.

Therefore, the motion of the public defender of Cook County for leave to withdraw as attorney for respondent is allowed, and the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.