PAMELA BURGE, Plaintiff-Appellant, *v.* JOHN L. MORTON, D.D.S., Defendant-Appellee.

Third District No. 80-691

Opinion filed August 21, 1981.

Robert C. Strodel, of Strodel, Kingery & Durree, Assoc., of Peoria, for appellant.

Lyle W. Allen and David R. Sinn, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Pamela Burge filed a complaint to recover damages allegedly occasioned by the negligence of defendant John L. Morton, D.D.S. After a jury trial, the circuit court of Peoria County entered judgment in defendant's favor.

On May 25, 1979, plaintiff was scheduled to have two lower wisdom teeth extracted by defendant, who had been her dentist since 1969. While it is unclear from the record when plaintiff's appointment began, it had been scheduled for 2:30 p.m. Plaintiff was placed in a treatment chair, and both gums were anesthetized. As plaintiff is diabetic, defendant inquired as to whether her diabetes was under control and was told that it was. Defendant then attempted the extraction of her lower left wisdom tooth, but the tooth broke into several pieces and he was unable to remove its root tips. After suturing the gum, defendant informed plaintiff of the complication and asked if she preferred he cease his work or if she still wanted to continue with the second extraction. After asking the advice of Sue Driscall, defendant's assistant, plaintiff elected to continue. The attempted extraction of the lower right wisdom tooth resulted in the same complication.

Driscall scheduled an appointment for plaintiff with an oral surgeon and instructed her as to the post-extraction procedures she should follow. Plaintiff was also given a prescription for Chymoral, an antiswelling medication, and V-Cillin K, a type of penicillin. She was allowed to rest in the treatment chair before leaving the office at approximately 4 p.m. and told to telephone if she had any problems.

Although she took the prescribed medication, plaintiff became increasingly ill over the weekend which followed the attempted extractions. On May 28, 1979, she telephoned defendant and explained she was hurting, swelling, and needed something to relieve her pain. She did not explain she was nauseous, vomiting, and unable to get out of bed. She thereafter was taken to the emergency room of a local hospital and admitted as an in-patient. Her attending physician and employer, Dr. Lawrence Dunkelberger, a board-certified diplomate in internal medicine, increased her penicillin dosage from 1.6 million units to 24 million units, but the severe infection which had developed at the situs of one of the attempted extractions failed to improve. Thereafter, Dr. Stephen Doughty, a consulting infectious disease specialist, changed plaintiff's antibiotic medication from penicillin to clindamycin and a subsequent antibiotic sensitivity test revealed that the bacterium which was causing the infection was resistant to any form of penicillin. The change in antibiotics apparently stayed the infection as plaintiff was released from the hospital after being treated a little over a week.

■■ The first of two issues presented for our review is whether the trial court erred in instructing the jury concerning the intervention of an outside agency; however, before reaching this issue, we must consider whether it has been preserved for review.

The instruction conference in this cause occurred in two sessions. During the first session, defendant submitted the instruction in question. Plaintiff's counsel did not object, stating, *inter alia*, "I fail to see how it is relevant, but it is harmless." During the second session, counsel proffered his objection, which he renewed in his post-trial motion.

Supreme Court Rule 239(b) provides that "[c]ounsel may object at the conference on instructions to any instruction * * *" (Ill. Rev. Stat. 1979, ch. 110A, par. 239(b)), and the failure to do so at that time results in the lack of preservation for review (*Delany v. Badame* (1971), 49 Ill. 2d 168, 274 N.E.2d 353). As counsel voiced his objection at the instruction conference, we find no waiver here present.

The instruction in question is Illinois Pattern Jury Instruction, Civil, No. 12.05 (2d ed. 1971), which provides as follows:

"12.05 Negligence-Intervention of Outside Agency

If you decide that a [the] defendant[s] was [were] negligent and that his [their] negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury.

[However, if you decide that the sole proximate cause of injury to the plaintiff was something other than the conduct of the defendant, then your verdict should be for the defendant.]"

Defendant advanced the theory that the penicillin-resistant bacterium

was the sole proximate cause of plaintiff's infection. Plaintiff responded that but for defendant's acts, she would not have been so traumatized as to allow the infection to set in; therefore, there was no evidence that the microorganism was the *sole* proximate cause of the illness. The instruction's notes provide that the second paragraph should only be used when such evidence is present.

The expert witnesses who testified at trial agreed that the mouth is a harborer of a great number of bacteria which may produce infection, and this fact has been widely noted. (See Annot., 83 A.L.R.2d 7 (1962); Annot., 13 A.L.R.2d 11 (1950).) The experts agreed that the prescription of V-Cillin K was proper and that penicillin is the recommended antibiotic for postoperative care after dental work of this nature. The experts further agreed that when a surgical wound is opened in the mouth, any bacteria present invade the wound instantly.

■■ A party has the right to have the jury instructed on his theory of the case and the question as to what issues have been raised by the evidence is within the discretion of the trial court. (*Duffek v. Vanderhei* (1980), 81 Ill. App. 3d 1078, 401 N.E.2d 1145; *Tipsword v. Melrose* (1973), 13 Ill. App. 3d 1009, 301 N.E.2d 614; see *Sherman v. City of Springfield* (1969), 111 Ill. App. 2d 391, 409, 250 N.E.2d 537, 546, *appeal denied* (1969), 42 Ill. 2d 584.) The evidence may be slight, and we may not weigh it on review (accord, *People v. Kalpak* (1957), 10 Ill. 2d 411, 140 N.E.2d 726) nor determine if it should lead to a particular conclusion (accord, *People v. Sweeney* (1969), 114 Ill. App. 2d 81, 251 N.E.2d 897). Given the evidence above and that which follows in our discussion of the second issue, we do not find the court abused its discretion in allowing the instruction.

The second issue presented for our review is whether the jury's verdict was contrary to the manifest weight of the evidence. Plaintiff's principal contentions of negligence centered around the propriety of attempting the second extraction and the amount of time plaintiff was exposed to the stress of the dental work.

Testifying for the defense, Donald Wilcox, a dentist, stated that defendant was not negligent in failing to terminate plaintiff's dental work after the first tooth fragmented. As she had already been anesthetized on both sides of her mouth, the work could be then completed in one sitting. Assuming an extraction without complications, this would cause little additional trauma. Testifying for plaintiff, Dr. Clifford Brown, an oral surgeon who treated her, stated it is not inappropriate to attempt to remove two impacted wisdom teeth from a diabetic in one sitting. Dr. Brown also testified that one should cease efforts on an extraction when not making reasonable progress, which is a matter of judgment.

The amount of time defendant spent with his patient was a matter of controversy in this cause. Defendant testified that he spent 20 to 25 min-

utes on the left tooth and 5 to 10 minutes on the right tooth, although it was possible he spent as long as 20 minutes on this second tooth. Driscall testified that defendant spent 20 to 25 minutes on the first extraction and 10 minutes on the second. Plaintiff testified that her office visit lasted two hours but did not know how many minutes defendant spent on each tooth. The importance of the time spent, as explained by Dr. Dunkelberger, is that stress elevates the blood sugar level in a diabetic and makes such a patient more susceptible to infection. Dr. Brown and Dr. Wilcox agreed that there are no published time limits on how long a dentist may spend on extracting wisdom teeth from diabetic patients, but Dr. Brown testified that two hours was a deviation from acceptable standards of care.

Extensive testimony was offered on every facet of the situation at bar, but suffice it to say that Dr. Brown and Dr. Jack Jordon concluded that defendant deviated from recognized standards of care, while defendant and Dr. Wilcox reached the opposite conclusion.

It is the function of the jury to determine the preponderance of the evidence, and a reviewing court will reverse its determination only if it is against the manifest weight of the evidence. (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447.) The inquiry on appeal is whether the result reached below was one which is reasonable on the facts in evidence, not whether other conclusions might also have been reached. (*Lynch v. Board of Education.*) As it is not our function to substitute our judgment for that of the jury upon controverted questions of fact (*Pennington v. McLean* (1959), 16 Ill. 2d 577, 158 N.E.2d 624) and there is ample evidence supporting the verdict, we shall not overturn the finding of the jury.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT, P. J., and HEIPLE, J., concur.