THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANDY LEE COOPER, Defendant-Appellant.

Second District   No. 2—88—0774

Opinion filed March 30, 1990.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and

Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Andy Lee Cooper, was charged with the offense of indecent liberties with a child (Ill. Rev. Stat. 1975, ch. 38, par. 11—4) and was committed to the Department of Corrections under the Sexually Dangerous Persons Act (Act) (Ill. Rev. Stat. 1975, ch. 38, par. 105—1.01 *et seq.*). The facts of the case are reported in *People v. Cooper* (1978), 64 Ill. App. 3d 880, and need not be repeated here. Defendant was later placed on conditional release, which was revoked after he was convicted of sexual assault in Colorado. (*People v. Cooper* (1988), 177 Ill. App. 3d 942, *aff'd* (1989), 132 Ill. 2d 347.) On July 14, 1987, defendant filed an "Application Showing Recovery," which the trial court denied. Defendant appeals, contending that the court improperly considered the testimony of two psychiatrists at the hearing on his application. The State contends that the testimony of the psychiatrists was properly admitted and that defendant waived the issue by not objecting to the testimony during the trial.

Defendant filed a *pro se* application showing recovery, and an attorney was appointed on his behalf. Dr. Parwatikar, a psychiatrist, Michael J. Dolan, a psychological administrator, John J. Zielinski, the clinical services supervisor, and Mary Flanagan, the administrator, of the Menard Psychiatric Center prepared a socio-psychological report. Defense counsel stated that the report provided too little information to be of guidance in determining whether defendant had recovered and was not helpful to defendant. Defense counsel then moved the court for the appointment of qualified psychiatrists to examine defendant so as to provide current evidence to present to the court. The State joined in the motion, and the court appointed Dr. D'Souza and Dr. Levine to examine defendant. They examined the defendant and each filed a written report, which the court did not read.

At the hearing conducted regarding defendant's application, the court noted defendant's objection to the court's considering any reports, both those made by the "present" psychiatrists and those made previously. The court then overruled defendant's objection. The defendant then testified, *inter alia,* that he had corrected and learned to control the desires that led to his commitment and that he had cured his alcohol problem, which he said induced him to

commit his previous offenses. The State wished to rest on the written reports to support its contention that defendant had not recovered, but the court, finding Drs. D'Souza and Levine in the courtroom, and hearing no objections, asked the psychiatrists to testify as the court's witnesses. Being questioned by the court, Dr. D'Souza testified that after a full examination, he determined that defendant continued to be sexually dangerous. Dr. Levine testified that, although the term "sexually dangerous person" was a legal determination, not a psychiatric diagnosis, defendant suffered from chronic paranoid schizophrenia. Dr. Levine stated that defendant's prognosis was not good but might improve with medication and therapy. Dr. Levine further testified that because of defendant's significant impairment of judgment based on delusional thinking, he would be a risk to the community if he were released. Following the close of testimony and arguments, the court denied defendant's application showing recovery. The court, relying principally on the testimony of the two psychiatrists, noted that defendant still had psychoses that he refused to recognize or attempt to control. This appeal followed.

■■ Regarding defendant's argument that the testimony of the two psychiatrists was improperly admitted, the State contends the argument is waived for failure to object before the trial court. (*People v. Cooper* (1989), 132 Ill. 2d 347, 358; *People v. Enoch* (1988), 122 Ill. 2d 176, 186.) Although defendant's objection in the record lacks specificity, we find that defendant did raise an objection to all the psychiatric reports. The court overruled these objections and was going to admit the written reports until it decided to take the psychiatrists' testimony in lieu of the written reports. A continuing objection by defendant would have been futile. Nor is the fact that defendant's counsel originally moved the court for the appointment of the psychiatrists a waiver of an objection to admission of their testimony, because defendant could have declined to offer the evidence. Thus we find that defendant has not waived the objection and may argue the matter on appeal.

The nature of defendant's argument arises from the strict language of section 9 of the Act. (Ill. Rev. Stat. 1987, ch. 38, par. 105—9.) Section 9 provides that when a person committed under the Act files an application showing recovery, the Director of the Department of Corrections shall order a socio-psychiatric report to be prepared by the psychiatrist, sociologist, psychologist and warden of the institution wherein the applicant is confined. Then, the "court shall set a date for the hearing upon such application and

shall consider the [socio-psychiatric] report *** and any other relevant information submitted by or on behalf of such applicant." (Ill. Rev. Stat. 1987, ch. 38, par. 105—9.) Defendant contends that because the psychiatrists' testimony was not submitted "by or on behalf of" himself, the court was not authorized to consider it. Defendant contends that section 9 restricts the evidence admissible at a hearing on recovery to only the socio-psychiatric report and the defendant's own evidence.

This question of whether other relevant information must be excluded at a hearing to determine a defendant's recovery does not appear to have been raised before. Indeed, it appears from the case law that psychiatric testimony has always been admitted at recovery hearings. See, *e.g.*, *People v. Beksel* (1973), 10 Ill. App. 3d 406, 407 (two psychiatrists were appointed to examine the defendant, of whom one testified for defendant's recovery and the other against defendant's recovery, and four inmates testified regarding conversations with the defendant indicating he had not recovered. "[I]n addition to this testimony, pursuant to [section 9], the court properly considered the [socio-psychiatric report]"); *People v. Hannan* (1989), 184 Ill. App. 3d 937, 940-41; *People v. Sweeney* (1969), 114 Ill. App. 2d 81, 86 (psychiatrist testified without objection by the defendant); see also *People v. DeMont* (1986), 146 Ill. App. 3d 437, 443-44.

We cannot agree with defendant that section 9 can be read to limit the evidence admissible at a hearing on recovery. Had the legislature intended to exclude other relevant evidence, the section would have read, for example: "the court shall consider only the report and defendant's information." Rather, the section states the court must consider the socio-psychiatric report and must also consider the defendant's information.

■ Defendant misconstrues the purpose of the language of the statute. The provisions dealing with the evidence to be included are not intended to be a limitation, but an expansion of the admissible evidence. Without the statutory provision of section 9, the socio-psychiatric report would be inadmissible as hearsay. However, because the findings and opinions of the psychiatrists, sociologist, psychologist and warden are important to a determination of recovery, and these persons are deemed trustworthy, an exception was made to allow their report into evidence. (*People v. Sweeney*, 114 Ill. App. 2d at 87.) Thus, the mandatory language of the statute must be interpreted to direct a trial court to consider the socio-psychiatric report and the defendant's relevant information. The statute does not prevent the exclusion of other relevant evidence. An interpretation

which directs a court to exclude relevant evidence would create absurd results where the State could not present rebuttal or impeaching evidence against a defendant's testimony. Furthermore, it would be absurd to contend that, while psychiatric testimony is admissible to determine if a defendant is sexually dangerous at an initial commitment hearing (Ill. Rev. Stat. 1987, ch. 38, par. 105—4; *People v. Covey* (1966), 34 Ill. 2d 195, 197), it would not be admissible to show a defendant has recovered. Because we reject the argument that the statute excludes the consideration of other relevant information, we need not address the State's argument that the psychiatrists' evaluations were in fact made "on behalf of" defendant.

██ █ Moreover, even if the psychiatrists' testimony had been excluded, the trial court's decision would have to be affirmed. Until a defendant proves to the court that he is no longer sexually dangerous, he retains that status. (*People v. Cooper* (1989), 132 Ill. 2d 347, 355.) A defendant bears the burden of proof to show by a preponderance of the evidence that he is no longer dangerous to society. (*Hannan*, 184 Ill. App. 3d at 941; *Beksel*, 10 Ill. App. 3d at 407; *Sweeney*, 114 Ill. App. 2d at 88.) In defendant's cause, the socio-psychiatric report prepared by Drs. Parwatikar and Dolan stated:

> "SUMMARY AND TREATMENT PLAN: Mr. Cooper, who has consistently shown paranoid ideation including ideas of grandiosity, has not participated in any group activity and continues to maintain that he is not a Sexually Dangerous Person and that his confinement is illegal. As long as he continues to believe that, no further progress in his Sexually Dangerous Person status can be reported."

It is clear from the report that defendant had made no progress in recovering from his psychological problems, and defendant, by failing to recognize his condition, could not make any progress. See *Hannan*, 184 Ill. App. 3d at 940.

Defendant attributed his problems to alcoholism, which he said he had cured. Defendant testified that he had not had an alcoholic drink in over seven years and had attended over 500 Alcoholics Anonymous meetings. Defendant did not respond to his counsel's question of where the meetings were supposedly conducted, but, instead, stated in his rambling responses that the meetings were not allowed at the institution where he was committed. Defendant also attributed his previous problems to the effects of a secret Federal Bureau of Investigation experiment in which he was administered a drug. Defendant admitted that he refused to participate in therapy

990

groups for sexually dangerous persons. Other than some pointed criticism of certain psychological evidence, defendant's testimony lacked credibility. Defendant contended that he had preached in 49 States through 1986, during the time in which he was committed, and that his current trial judge had originally sentenced him 26 years ago, which was nine years before the judge took the bench.

In conclusion, neither the socio-psychiatric report nor defendant's testimony provided sufficient proof that defendant was no longer sexually dangerous. Thus we hold that the court properly admitted the testimony of the two psychiatrists and that section 9 of the Act does not exclude relevant evidence offered by the State, and, even if the testimony had been excluded, defendant failed his burden of proof that he was no longer sexually dangerous.

For the above reasons, the order of the circuit court of Winnebago County denying defendant's application showing recovery is affirmed.

Affirmed.

GEIGER and WOODWARD, JJ., concur.