*In re* CHARLES JUSWICK, a Person Found Subject to Involuntary Commitment (The People of the State of Illinois, Petitioner-Appellee, v. Charles Juswick, Respondent-Appellant).

Second District No. 2—92—0261

Opinion filed November 25, 1992.

Donald M. Tegeler, of McNamee & Mahoney, Ltd., of Dundee, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Respondent, Charles Juswick, was found to be a person subject to involuntary commitment following a hearing on February 14, 1992. There were no objections to service of process or to the certification, and respondent was timely represented by counsel. Respondent was admitted to the Elgin Mental Health Center in 1984. The medical testimony adduced at the hearing was that respondent suffers from chronic undifferentiated schizophrenia. His symptoms included agitation, delusions, auditory hallucinations, and he had a preoccupation with fires. The attending physician testified that respondent could not care for himself and that the Mental Health Center was the least restrictive environment for treatment.

The day before the hearing, respondent was agitated and manifested an intent to assault the attending psychiatric physician. Respondent has stated that he wanted to be released so that he could commit suicide. Respondent's own testimony included nonresponsive and illogical comments, and he thought there might be a fire in the courtroom.

The trial court found the evidence of mental illness to be clear and convincing. Based on the testimony, the court found that respondent suffered from chronic undifferentiated schizophrenia; that because of his illness he was reasonably expected to inflict serious harm upon himself or another in the near future; that he was unable to provide for his basic physical needs so as to guard himself from serious harm; and that the Center was the least restrictive environment for treatment. The court thereupon ordered respondent hospitalized in the Department of Mental Health and Developmental Disabilities. The court approved a treatment plan and provided for a review in 180 days. Respondent has filed a timely notice of appeal.

The trial court appointed counsel to represent the respondent during this appeal. Pursuant to the procedure set forth in *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, and *People v. Jones* (1967), 38 Ill. 2d 384, appointed counsel has filed a motion for leave to withdraw as appellate counsel. In his motion, counsel represents that he has read the full record of this case and has not discovered any issue that would warrant relief in this court. In support of the motion, he has filed a memorandum of law which (1) accurately summarizes the proceedings in the trial court; (2) suggests two possible justiciable issues; and (3) concludes that those potential issues would be wholly frivolous and without merit.

The potential issues which appellate counsel has raised are: (1) whether the court's order and findings were supported by clear and convincing evidence; and (2) whether the Mental Health Center was the least restrictive alternative treatment setting. Appellate counsel also represents that he has discussed the case with trial counsel as well as with the Guardianship and Advocacy Commission and has mailed a copy of the motion to respondent. The clerk of this court has also advised respondent of the motion and informed him that he would be afforded an opportunity to present, within 30 days, any additional matters to this court. Respondent has not responded or raised any additional matters in this court, and the time to respond has elapsed.

■ We must first consider the question of whether the procedure set forth in *Anders* and *Jones* is applicable in this context in which counsel has been appointed in a civil proceeding to represent an indigent person who has been involuntarily hospitalized. *Anders* set forth procedures required to permit the withdrawal of counsel appointed to represent a defendant in the appeal of a criminal case when the appeal is frivolous, and stated that those procedures would afford a convicted defendant "that advocacy which a nonindigent defendant is able to obtain." (*Anders v. California* (1967), 386 U.S. 738, 745, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400.) The Appellate Court, Fourth District, has relied upon that language in concluding that the *Anders* procedure may be applied in the appeal of an involuntary commitment order. (*In re McQueen* (1986), 145 Ill. App. 3d 148.) Our independent consideration of the issue leads us to the same conclusion. We accordingly hold that the *Anders* procedure is applicable to the present case. See *In re Keller* (1985), 138 Ill. App. 3d 746; see also *People v. Espinoza* (1977), 54 Ill. App. 3d 36; *People v. Beksel* (1973), 10 Ill. App. 3d 406.

■ After carefully examining the record in this case, as well as the motion to withdraw and the accompanying memorandum of law, we agree with appellate counsel that there is no issue that might support an appeal.

We therefore allow the motion to withdraw as counsel in this appeal, and we affirm the judgment of the circuit court.

Affirmed.

UNVERZAGT and McLAREN, JJ., concur.