NOTICE

Decision filed 07/24/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230317-U

NO. 5-23-0317

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* PAMELA M., Alleged to Be a Person Subject to Involuntary Treatment | ) ) ) | Appeal from the Circuit Court of Union County. |
| (The People of the State of Illinois, Petitioner-Appellee, v. Pamela M., Respondent-Appellant). | ) ) ) | No. 22-MH-43 |
| | ) ) | Honorable Tyler R. Edmonds, Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the respondent's appeal from a medication order is moot, and it does not fall into any of the exceptions to the mootness doctrine, this court grants the respondent's appointed appellate counsel leave to withdraw, and it dismisses this appeal.

¶ 2    The respondent, Pamela M., appeals from an order authorizing the involuntary administration of psychotropic medication, entered pursuant to the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1-100 *et seq.* (West 2022)). (The respondent was not subject to an involuntary-commitment order.) Her appointed attorney on appeal, the Legal Advocacy Service of the Illinois Guardianship and Advocacy Commission (Legal Advocacy), has filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). See *In re Juswick*, 237 Ill. App. 3d 102 (1992) (the *Anders* procedure is applicable in an appeal from an involuntary-commitment order under the Mental Health Code). Legal

1

Advocacy contends that this appeal is moot. Furthermore, Legal Advocacy has concluded that none of the exceptions to the mootness doctrine applies here. Legal Advocacy served the respondent with proper notice of its *Anders* motion, and this court granted her time to file a *pro se* response to the motion. However, the respondent has not filed with this court any type of response to the *Anders* motion. This court agrees with Legal Advocacy as to the mootness of this appeal. Accordingly, this court grants the *Anders* motion and dismisses the instant appeal.

¶ 3                                                        BACKGROUND

¶ 4        In March 2021, the respondent was voluntarily admitted to the Choate Mental Health and Developmental Center (Choate), a state-operated mental health facility in Anna, Illinois. On December 16, 2022, Dr. Rakesh Chandra, a psychiatrist at Choate, filed a petition for an order authorizing the administration of psychotropic medication, pursuant to section 2-107.1 of the Mental Health Code (405 ILCS 5/2-107.1 (West 2022)).

¶ 5        The respondent thereafter filed a motion for substitution of judge as of right, which was granted. The respondent also sought and received an independent psychiatric examination.

¶ 6        On March 22, 2023, the circuit court held a hearing on the petition for the administration of psychotropic medication. Dr. Chandra was the sole witness for the State. He was qualified as an expert in the field of psychiatry. According to Dr. Chandra, he treated the respondent at Choate. He interacted with her regularly and had reviewed her records. Based on all that, he had diagnosed her with "schizophrenia, paranoid type," which he described as a serious mental illness. A person with schizophrenia, paranoid type, does not trust anyone and believes that other people are trying to harm him or her. Dr. Chandra had been working with the respondent for about two years. She had shown great improvement as a result of being treated with a particular medication, Invega Sustenna, and without experiencing side effects. In fact, she had improved to such an extent that

2

Dr. Chandra was preparing to discharge her from Choate, enabling her to "live in the community," without the severe limitations on liberty characteristic of life in a mental health facility. "And suddenly, around June last year [*i.e.*, in June 2022], she stopped taking her medication" and "went on a downward spiral to the state she is in today."

¶ 7    Dr. Chandra further testified that the respondent, due to her mental illness, was deteriorating in her ability to function, she was suffering, and she was engaging in threatening behavior, and Dr. Chandra provided details illustrative of those effects. He specified that he was seeking authorization to treat the respondent with just one drug, Invega Sustenna, which would be given as a monthly injection. This drug, he said, was the same medication that he had been administering to the respondent previously, on a voluntary basis, for a period of months, and which had produced such great improvement for the respondent. Dr. Chandra thought that the benefits to the respondent far outweighed the harm. During the time she was taking the drug previously, "she tolerated [it] very well." Dr. Chandra viewed Invega Sustenna as "the least restrictive" approach possible, while the only real alternative was to have the respondent continue to deteriorate. He had discussed with the respondent the nature of her illness, as well as the upsides and downsides of Invega Sustenna and the availability of other therapies, including group therapy. In his opinion, though, the respondent lacked the capacity to make a reasoned decision about medication, and she could not even understand the seriousness of her illness. Dr. Chandra also sought permission to perform simple tests, such as a blood panel, to make sure that the respondent's reaction to treatment was no different than it was previously.

¶ 8    As for the respondent, she testified on her own behalf at the hearing. Her testimony was largely unfocused and unresponsive to questioning by her appointed attorney.

¶ 9     After hearing argument, the circuit court concluded that the State had met its burden at the hearing. The court then entered a written order determining by clear and convincing evidence, *inter alia*, that the respondent was deteriorating in her ability to function, was suffering, and was engaging in threatening behavior. The court authorized the involuntary administration of psychotropic medication—specifically, Invega Sustenna—for a period not to exceed 90 days. The court also directed that the respondent was to receive certain specified medical tests as the Choate medical staff deemed necessary.

¶ 10    The respondent perfected this appeal.

¶ 11                                    ANALYSIS

¶ 12    The order authorizing the involuntary administration of psychotropic drugs to the respondent (hereinafter, the medication order) went into effect on March 22, 2023. By its own terms, it expired 90 days afterward. Since the 90-day period already has expired, this court cannot grant effectual relief to the respondent, and therefore this appeal is moot. See *In re J.T.*, 221 Ill. 2d 338, 349-50 (2006). "As a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). However, where an otherwise moot case falls under a recognized exception, this court will consider the appeal. Illinois recognizes these exceptions to the mootness doctrine: (1) the collateral-consequences exception, (2) the capable-of-repetition-yet-evading-review exception, or (3) the public-interest exception. See *id.* Courts consider these exceptions on a case-by-case basis. *Id.* at 354. All exceptions to the mootness doctrine are "to be construed narrowly and require a clear showing of each criterion to bring the case within the terms." *In re J.T.*, 221 Ill. 2d at 350.

¶ 13                    *The Collateral-Consequences Exception*

¶ 14    The collateral-consequences exception to the mootness doctrine applies where the respondent has suffered, or is threatened with, an actual injury that is traceable to the medication order, and the injury is likely to be redressed by a favorable judicial decision. *Alfred H.H.*, 233 Ill. 2d at 361. Here, the record does not reveal any specific collateral consequence stemming from the medication order. This court finds that this exception does not allow for a review of the merits of this appeal.

¶ 15              *The Capable-of-Repetition-Yet-Evading-Review Exception*

¶ 16    Where a case involves an event of short duration that is capable of repetition, yet evading review, it may qualify for review even if it would otherwise be moot. *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). In order for this exception to apply, "the complaining party must demonstrate that: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.*

¶ 17    The first criterion for this exception certainly applies here. By statute, the right to administer psychotropic medication to a person against his or her will is subject to tight time constraints. Psychotropic medication cannot be administered involuntarily for more than 90 days without additional hearings. 405 ILCS 5/2-107.1(a-5)(5) (West 2022). Without doubt, such a duration is too short to allow for appellate review. While the first criterion applies, the second criterion does not apply. The record on appeal does not reveal any particular reason to expect that the respondent would be subjected, again, to the same type of medication order.

¶ 18                    *The Public-Interest Exception*

¶ 19    "Application of the public interest exception requires (1) the existence of a question of public importance; (2) the desirability of an authoritative determination for the purpose of guiding public officers in the performance of their duties; and (3) the likelihood that the question will recur." *J.T.*, 221 Ill. 2d at 350. The instant appeal does not raise a question of public importance, and a decision on the merits of this appeal would not guide public officers in the performance of their duties. The fact-specific nature of this case does not allow for the use of the public-interest exception to the mootness doctrine. See *Alfred H.H.*, 233 Ill. 2d at 356-57.

¶ 20                              CONCLUSION

¶ 21    For the reasons stated above, this appeal is moot, and none of the exceptions to the mootness doctrine applies. Therefore, Legal Advocacy's motion to withdraw as appellate counsel is granted, and this appeal is dismissed.


¶ 22    Motion granted; appeal dismissed.